UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

FEB 1 2 2008
FEB 12, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ANDREW  LAMON,

                    Plaintiff,

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**08cv910**
**JUDGE ASPEN**
**MAG. JUDGE MASON**

                    vs.

Case No: ___ ___ ___ ___ ___
(To be supplied by the Clerk of this Court)

Roger E. Walker, Jr.,

Terry L. McCann,

Jerry  Baldwin,

Mike  Cheek

L.  Turner, and Tammy

Garcia,
                    Def

(Enter above the full name
defendants in this action.
use "et al.")

CHECK ONE ONLY:    IF UNABLE TO SCANN:

___X___    COMPLAIPLEASE DOCKET AND RETURN T:T, TITLE 42 SECTION
           1983 U.S. (STAFF LAW CLERK ROOM 2302-Ents)

_____    COMPLAI                                        ("BIVENS" ACTION),
           TITLE 28 §                    iefendants)

_____    OTHER (ci___ ____, __ ____ __)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I.    Plaintiff(s):

    A.    Name:    ANDREW    LAMON

    B.    List all aliases:    NONE

    C.    Prisoner identification number:    R-16056

    D.    Place of present confinement:    Stateville.Correctional.ctr.

    E.    Address:    Route 53, P.O.box 112 ,Joliet,Il 60434.

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II.    Defendant(s):
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.    Defendant:    ROGER E, WALKER,Jr.

        Title: Illinois Department of Corrections- Prison Director

        Place of Employment: Illinois Department of Corrections

    B.    Defendant:    TERRY L. McCANN

        Title: Stateville Correctional center,- Warden

        Place of Employment: Stateville Correctional center

    C.    Defendant:    JERRY BALDWIN

        Title: Stateville Correctional center,- Counselor

        Place of Employment: Stateville Correctional center

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

(See. additional Defendants on next page).

## ADDITIONAL DEFENDANTS

D.    **Defendant:**  Internal Affairs,c/o L. TURNER

      Title:       Internal Affairs officer

      Place of employment:  Stateville Correctional center.


E.    **Defendant:**  TAMMY GARCIA

      Title:       Administrative Review Board,Liason

      Place of employment: Illinois Department of corrections

      Stateville,Corr,center.


F.    **Defendant:**  Mike Cheek

      Title:       Administrative Review Board

      Place of employment: Springfield,IL, (I.D.O.C.)

III.   Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.   Is there a grievance procedure available at your institution?

YES ( X)   NO (  )   If there is no grievance procedure, skip to F.

B.   Have you filed a grievance concerning the facts in this complaint?

YES ( X)   NO (  )

C.   If your answer is YES:

1.   What steps did you take?
I requested from the Warden, reconsideration of the deni-

from the Counselor and I grieved the Counselors denial of

placement into protective custody, to the (A.R.B.).

2.   What was the result?
The Warden, ignored my request for reconsideration of the

counselors denial and the Administrative Review Board (A.

R.B.), denied me intry into (P.C.).

3.   If the grievance was not resolved to your satisfaction, did you appeal?
What was the result (if there was no procedure for appeal, so state.)

NA

, NO


D.   If your answer is NO, explain why not:
The Administrative Review Board, (A.R.B.), decision is

final, leaving this Plaintiff with no other institutional

Administrative  remedy.

3

E.     Is the grievance procedure now completed?   YES ( **x** )   NO (   )

F.     If there is no grievance procedure in the institution, did you complain to authorities?   YES ( **x** )   NO (   )

G.     If your answer is YES:

1.     What steps did you take?

I grieved the initial denial of (P.C.),to the (A.R.B.)

I asked the warden to reconsider the counselors denial

and I informed all parties hereto of my safety concerns.

2.     What was the result?
The prison officials,ignored my plea for help and failed.

to respond to my letter of reconsideration or my notice

of verification. (See.Attached).

H.     If your answer is NO, explain why not:

NA

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _____NONE_____

_____

B. Approximate date of filing lawsuit: _____NA_____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____NA_____

_____NA_____

_____NA_____

D. List all defendants: _____NA_____

_____NA_____

_____NA_____

_____NA_____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____NA_____

F. Name of judge to whom case was assigned: ___NA___

_____NA_____

G. Basic claim made: _____NA_____

_____NA_____

_____NA_____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____NA_____

_____NA_____

_____NA_____

H. Approximate date of disposition: _____NA_____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

V.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

PLAINTIFF, CONTENDS/ALLEGES THAT, DEFENDANT'S VIOLATED
HIS EIGHTH AMENDMENT RIGHTS, WHERE WITH DELIBERATE INDI-
FFERENCE TO PLAINTIFFS SAFETY, WHERE DEFENDANTS WERE
SUBJECTIVELY AWARE OF SUBSTANTIAL RISK OF IMMINENT,
SERIOUS PHYSICAL HARM TO PLAINTIFF, REPEATEDLY DENIED
PLAINTIFF, ENTRY INTO, PROTECTIVE CUSTODY, (P.C.).
U.S.C.A. Const. Amend. 8.

Initially, it must be stated that, plaintiff, was originally in, pro-
tective custody, (Hereinafter, p.c.), at the Pontiac correctional
center, because plaintiff, was the victim of an assault, manufact-
ored by prison gangs.

On June 4th, 2006, while in (p.c.), plaintiff refused housing be-
cause of threats of physical violence from his "cell-mate".
Subsequently thereafter, in regards to plaintiff, trying to avoid
being assaulted, he was given (30) days, segregation, stripped of
(p.c.), and transferred to stateville correctional center.
Plaintiff, grieved the (p.c.), denial and on, November 3rd, 2006,
The Administrative Review Board, (A.R.B.), denied plaintiff re-
entry into (p.c.), and sent him to general population. (See. Exhib-
it    ).

FN.1. The statement(s) and Exhibits Supra, is to show This Court,
how plaintiff got to this point.

Plaintiff,now brings the **facts** related to this instant case.

On or about,October 8th,2007,I requested (p.c.),and was taken to be evaluated by,Internal Affairs,(I.A.),c/o L.TURNER I advised,c/o TURNER,that I feared for my safety and that Id been constantly subjected to threats of physical violence,extortion as well as unwanted homosexual advances,by my "cell-mate",(**a gang member,known as such to,c/o TURNER.** Consequently,c/o TURNER had me placed into temporary (p.c.),kick-out,to await (p.c.),approval

On or about,October 13th,2007,Counselor,Jerry Baldwin,gave me a request for,(p.c.),form,on that date,I returned the completed form and returned it to Counselor Baldwin,and on or about,November 13th,2007,was informed by Counselor,Baldwin,that I was denied entry into (p.c.),which I grieved.

On or about,November 13th,2007,I mailed to The warden,of Stateville,correctional center,Terry L.McCANN, **"a request for reconsideration of the denial of,(p.c.)"**,reiterating the factual allegations of my initial (p.c.),request,**(which to date,has been disregarded).**

On or about,December 13th,2007,I received notice from,Ad-

a hearing is scheduled for December 20th,2007,and on that date,I

was denied (p.c.),by T. **MIKE CHEEK,(as a final decision).**

On ,1/**16**/2008,I complained to,Prison Director,Roger E.-

Walker,Jr.,(A.R.B.),Liason-Tammy Garcia,Warden,Terry L.McCANN,

Counselor,Jerry Baldwin,and Interal Affairs,(I.A.),c/o L.Turner.

That,I am in imminent danger of serious physical harm and that,my

placement in **(F-house)**,general population,is tantamount to my awa-

iting to be assaulted and **none of the prison officials,Supra,**re-

sponded to my plea for help. (See. Exhibit    ).

On, 1/**16**/2008,I again complained to the above Defendants,

this time,I mailed to Defendants **all**,verified notice of my sub-

stantial risk of harm and at (**and at paragraph #2,made said pri-**

**son officials Supra,aware that I faced,imminent danger at the**

**hands of other inmates,again,my plea for help in securing my safe**

**ty,were disregarded.** (See.Exhibit    ).

Plaintiff,now brings this claim,before This Honorable Court.

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

☑ Disciplinary Report _June 4 2006_
Date

☐ Investigative Report _____
Date

Page _1_ of _1_

Committed Person: _Lamon_ _____ No. _R16056_ _____ Facility: _Pontiac CC_

Observation Date: _June 4 2006_ Time: _Approx 4:45_ ☐am ☑pm Location: _Upper Inmate Dining Room_

_Lt. D. Scrogum #364_
PRINT Employee's Name

_Lt D Scrogum June 4 2006 5:05_
Employee's Signature/Date/Time

Offense: 504 B _(B) 403 Disobeying a Direct order_

Observation: _On the Above Date AND Approx time, while this Lt was calling the first half of 2gallery back to their cells after feeds, inmate Lamon R16056 refused to leave the dining room. This Lt gave inmate Lamon a direct order to go to his cell and lock up. Inmate Lamon stated "I'm refusing to lockup because I'm not getting along with my cellie" This Lt Notified Shift Commander Lt Samson who told this Lt to take Lamon to East Segregation. This Lt knows this inmate by face and name, also was I.D. from his I.D. card._
_END of Report_

Witnesses, if any: _N/A_

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement ☐ Investigative Status Reasons: _____

_____

_____
PRINT Name

_____
Shift Supervisor's Signature and Date
(For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer Comment: _____

_____
PRINT Name

_____
Signature/Date

☑ MAJOR, submitted to Adjustment Committee ☐ MINOR, submitted to Program Unit

_Lt. J SAMSON_
PRINT Name

_Lt J Samson #335# 6-7-06_
Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator:
(Adult Division Major Reports Only)

_____
PRINT Name

_____
Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS
You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may request a reasonable extension of time to prepare for your hearing. You may have staff assistance if you are unable to prepare a defense. If you are found guilty of a serious rule violation, you may be placed in confinement and/or loss privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____
Committed Person's Signature and Number

_____
Committed Person Refused to Sign ☐

_DM Jackson 301_
PRINT Serving Employee's Name

_Dm Za_
Serving Employee's Signature

_6-5-06_
Date and Time Served

_7:30_ ☐am ☑pm

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____

_____
Committed Person's Signature and Number

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____ Date

NAME OF WITNESS: _____ Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____ Number/Cell/Title: _____

Witness can testify to: _____

DC 7205 (Rev. 4/08) Distribution: 1) Master File; 2) Committed Person;
IL 426-0361 3) Facility; 4) Facility

_____
Committed Person's Name and Number

DISCIPLINARY REPORT

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 7-24-06 | Committed Person: (Please Print) ANDREW LAMON | ID#: R16056 |

| Present Facility: PONTIAC C.C. | Facility where grievance issue occurred: PONTIAC C.C. |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☒ Other (specify): P.C. Denial
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

☒ Disciplinary Report: 6 / 4 / 2006    PONTIAC CORRECTIONAL CENTER
         Date of Report                      Facility where issued

> **Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ON JUNE 4TH, 2006, I, ANDREW LAMON, REFUSED HOUSING AS SET FORTH IN THE TICKET WRITTEN BY LT. SCROGUM #3364. SUBSEQUENTLY THEREAFTER, ON JUNE 13TH, 2006, I SAW THE ADJUSTMENT COMMITTEE CONCERNING TICKET #200603/2611 PON. FIRST, I POINT TO RECORD OF PROCEEDINGS "CORRECTED COPY GIVEN OFFENDER DUE TO DATE CORRECTION". THIS STATEMENT BY THE COMMITTEE IS FALSE. (SEE BOTH COPY'S OF THE ATTACHED TICKET), I HAVE ATTACHED A SWORN AFFIDAVIT IN SUPPORT OF MY POSITION. (SEE AFFIDAVIT). FURTHER, SEE PG. 2. OVER →

**Relief Requested:** TO HAVE MY P.C. STATUS RE-INSTATED AND BE TRANSFERRED FROM PONTIAC CORRECTIONAL CENTER IMMEDIATELY.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _(signature)_ | R16056 | 7 / 24 / 06 |
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | | |

Date Received: ___/___/___

☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

RECEIVED
AUG 01 2006
OFFICE OF INMATE ISSUES

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | | |

Date Received: ___/___/___

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | | Date ___/___/___ |

I WAS GIVEN 30 DAYS ACROSS THE BOARD. THIS I DO NOT CONTEST AS I PLEAD GUILTY AND WAS WRONG.

HOWEVER, I FINISHED MY SEG. TIME AND WAS RE/GASSED ON JULY 3RD 2006 AND TAKEN DIRECTLY TO THE "WEST HOUSE" FOR P.C. KICK-OUT, WHERE IVE BEEN EVERY SINCE. WHICH IS THE TOPIC OF THIS GRIEVANCE.

1. THIS IS NO DOUBT A CONTINUATION OF SEGREGATION, IN VIOLATION OF 501.310 (B), I AM ON THE SAME GALLERY AS SEG. AND GENERAL POPULATION INMATES. (CELL WEST-320)

2. I HAVE TO STAND IN A METAL CAGE IF AND WHEN I WANT TO GO OUTSIDE. I CANT GO TO THE LAW LIBRARY AND I CAN ONLY ACCESS THE COMMISSARY AS PROVIDED BY SEG. INMATES, ALL IN VIOLATION OF 501.310 (D). THE DISCIPLINARY ACTION THAT WAS IMPOSED AGAINST ME EXPIRED JULY 13TH 2006. (SEE THE RECORD OFFICE REPORT ATTACHED) HOWEVER, IVE BEEN DENIED MY AUDIO VISUAL AND TOLD TO TRY AGAIN IN 30 DAYS? )(SEE THE REQUEST FOR RETURN OF PROPERTY ATTACHED).

3. IS THIS ADMINISTRATIVE REVIEW BOARD INCORPORATING AS YOUR OWN THE POLICY THAT IF A P.C. INMATE GOES TO SEG. HE IS AUTOMATICALLY KICKED OUT OF P.C., I.E. A TICKET IS TANTAMOUNT TO SIGNING OUT?

FINALLY, I POINT TO THE FACILITY DECISION TO DENY MY P.C. "THAT WAS NEVER REVOKED".

IN JUNE OF 2004, I WAS ASSAULTED IN MY CELL BY A GANG MEMBER, BLACK P STONE. I SIGNED INTO P.C. AT MENARD CORRECTIONAL CENTER AND WAS ACCEPTED AND APPROVED PURSUANT TO SECTION 501.320 A, B (1), (2), (3), (4) AND (5) MY POINT IS THIS. I WENT TO THE PROPER AUTHORITIES HERE, LT. SCROGUM, AND LET HIM KNOW I WASNT GETTING ALONG WITH MY CELLIE. AND NOW, IM BEING SUBJECTED TO A LIFE THREATENING SITUATION. (MY P.C. DENIAL) FOR THE VERY REASON I WAS APPROVED, THIS IS ATROCIOUS TO SAY THE LEAST, MOREOVER, IN ALL FAIRNESS, SENDING ME BACK TO THE SAME CELL WOULD BE IDIOTIC, OR A STATEMENT CLEARLY SAYING, ASSAULT THIS GUY!!

PLEASE, PULL MY FILE AND YOU'LL SEE THAT IVE HAD ONLY TWO DISCIPLINARY TICKETS DURING MY INCARCERATION. IM NOT LOOKING FOR ANY PROBLEMS, I ASK ONLY THAT YOU SEE THIS FOR WHAT IT IS AND RE-INSTATE MY P.C. AND ORDER I BE MOVED FROM HERE.    THANK YOU

RESPECTFULLY,

G.

I was given 30 days across the board. This I do not contest as I plead guilty and was wrong.

However, I finished my seg. time and was released on July 3rd 2006 and taken directly to the "West House" for P.C. kick-out, where I've been ever since, which is the topic of this grievance.

1. This is no doubt a continuation of segregation, in violation of 501.310 (D). I am on the same gallery as seg. and general population inmates (cell west-300)

2. I have to stand in a metal cage if and when I want to go outside. I can't go to the law library and I can only access the commissary as provided by seg. inmates, all in violation of 501.310 (D). The disciplinary action that was imposed against me expired July 13th 2006. (see the Record Office Report attached) However, I've been denied my audio visual and told to try again in 30 days? (see the request for return of property attached)

3. Is this administrative review board incorporating as your own the policy that if a P.C. inmate goes to seg. he is automatically kicked out of P.C. i.e. a ticket is tantamount to signing out?

Finally, I point to the facility decision to deny my P.C. that was never reversed."

In June of 2004, I was assaulted in my cell by a gang member, Black P stone. I signed into P.C. at Menard Correctional Center and was accepted and approved pursuant to section 501.320 A, B (1), (2), (3), (4) and (5) my point is this. I went to the proper authorities here, Lt. Scroggum, and let him know I wasn't getting along with my cellie, and now, I'm being subjected to a life threatening situation. (my P.C. denial) For the very reason I was approved. This is atrocious to say the least. Moreover, in all fairness, sending me back to the same cell would be idiotic, or a statement clearly saying, assault this guy!!

Please, pull my file and you'll see that I've had only two disciplinary tickets during my incarceration, I'm not looking for any problems, I ask only that you see this for what it is and re-instate my P.C. and order I be moved from here.   Thank you.

Respectfully,

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**

*DATE OF HEARING*: November 3, 2006

*INSTITUTION:* Stateville Correctional Center, Stateville, Illinois

*GRIEVANT NAME*: Andrew Lamon, Register No. R16056

*BOARD MEMBERS PRESENT*: Melody J. Ford, Administrative Review Board Chairperson, Office of Inmate Issues, Illinois Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center administration.

Nature of Grievance: Offender Lamon is grieving denial of protective custody.

Findings: The Board notes the offender is currently serving 35 years for Aggravated Criminal Sexual Assault; Possession of a Controlled Substance, with a custody date of October 3, 2002 and a projected release date of April 3, 2030. The Grievant has been housed at Stateville Correctional Center since August 9, 2006. No Clinical concerns noted.

Grievant was transferred to the current facility from Pontiac Correctional Center for the reasoning: Segregation release. An affiliation with a Security Threat Group is not noted. The Board notes Grievant has declared no enemies at Stateville Correctional Center and has not been declared as an enemy.

The Board reviewed the Protective Custody vote sheet dated August 23, 2006. Grievant requested Protective Custody placement, stating the following: Offender stated he keeps getting beaten up by gangs, specifically the Black P-Stones and the Gangster Disciples. The no-vote rationale indicates no sufficient verifiable information to warrant Protective Custody placement. The CAO concurred on September 1, 2006.

Offender's statement: Offender Lamon stated he did not get along with his cell mate at Pontiac and refused housing. He was placed in segregation and transferred to Stateville upon release. He stated he was beaten up in 2004 at Menard. He stated he is from Iowa and is not affiliated with any STG.

Offender Lamon's statements were not able to be substantiated by Clinical Services or Internal Affairs.

Recommendations: Based on a total review of all available information, it is the opinion of the Board that the Grievant has not provided sufficient verifiable information to warrant the Offender's retention in Protective Custody, and therefore recommends the Offender be placed in general population.

FOR THE BOARD: *[signature]*
Melody J. Ford
Administrative Review Board Chairperson
Office of Inmate Issues

CONCURRED: *[signature]* November 6, 2006
Roger E. Walker Jr.
Director

cc:  Warden Terry McCann, Stateville Correctional Center
     Andrew Lamon, Register No. R16056

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**

*DATE OF HEARING*: 12/20/07

*INSTITUTION*: Stateville Correctional Center, Joliet, Illinois

*GRIEVANT NAME*: Andrew Lamon, Register No. R16056

*BOARD MEMBERS PRESENT*: Michael T Cheek, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center Administration.

Nature of Grievance: Inmate Lamon is grieving denial of Protective Custody at Stateville Correctional Center.

The Board notes the inmate is currently serving 30 years, 5 years (CS), for aggravated criminal sexual assault/ other amount 1&2, with a custody date of 10/03/02. The Grievant has been housed at Stateville Correctional Center since 08/09/06.

The Grievant has Daniel Smith as declared enemies at Stateville Correctional Center.

Inmate Lamon is affiliated with the no one per OTS.

The Board reviewed the Protective Custody Vote sheet dated 10/31/07. Grievant requested Protective Custody placement stating the following: First I want to submit that my enemy Daniel Smith B44381 D house, cell 931. He is an active member of the gangster disciples and Stateville I.A. is aware of this fact. Smith's A.K.A. is D-Money. I have at the hand of this gang-member, been threatened with physical violence in cell #931 for the past few months, intimidated regularly, Smith became so comfortable with the aggressive behavior that he was exhibiting towards me that on the commissary of 10/05/07, he took my commissary slip and filled it out himself and threatened me with violence for objecting to his out right extortion. Smith while I was asleep touched my rear-end, when I woke up he jumped up on his bunk and pretended to be watching his T.V. Whether or not Smith is homosexual is unclear to me, however he alluded to the fact that his gang did allow homosexual activity among them, once a member became a certain age. Moreover, Smith on more than one occasion referred to me as a bitch boy on this point I must be pellucid I am not gay, in fact I have 6 children and 3 grandchildren. It must be stated as well that I have not and am not affiliated with any gang and review of my prison file will support this assertion. Also, I recognize that by me actually giving this inmate's name as well as exposing his actions that the G.D.'s will be after me, but I told C/O L. Turner in I.A. that I've been sent to prison as a punishment, not for punishment of another inmate. Smith swore that if I checked into protective custody that he was going to check in right behind me and fuck me up and that there is nowhere in Illinois that I can go and be safe. Having said all of this, I declare to you that I fear for my life and respectfully request that you allow me to remain in protective custody.

Inmate's statement: Inmate Lamon stated that his cellmate was a gangster disciple and that he has been having problems with him. State he is trying to extort him out of commissary items, and threatened him if he told. Stated that he felt inmate Smith touch him in his buttocks area while sleeping. Inmate Smith also chocked him, and made him add items to his commissary list for him. Inmate Lamon stated that he has a sex case and this may be a reason for the harassment.

This office reviewed information provided by Internal Affairs. It is noted that Lamon has Smith listed as a KSF.

Recommendations: Based on a review of all information it is the opinion of the Board that the Grievant **has not** provided sufficient information to warrant the Offender's retention in Protective Custody. Offender Lamon will be kept separate from Smith as records indicate.

FOR THE BOARD: _____
Michael T Cheek
Administrative Review Board Chairperson
Office of Inmate Issues

CONCURRED: _____ January 8, 2008
Roger E. Walker, Jr.
Director

cc:   Warden McCann, Stateville Correctional Center
      Andrew Lamon R16056

*1 /16 /*2008

ILLINOIS DEPARTMENT OF
CORRECTIONS,DIRECTOR:
**ATTN: ROGER E.WALKER,Jr.**
1301 Concordia Court
Springfield,Illinois 62794-9277.

RE:      **LETTER OF COMPLAINT,TO THE PRISON DIRECTOR,Supra,OF THE
EXCESSIVE RISK OF SERIOUS PHYSICAL HARM AND IMMINENT
DANGER THE DENIAL OF PROTECTIVE CUSTODY,PLACES THIS INM-
ATE IN.**

        This letter of complaint,is in regards,**specifically**,to
the allegations as set forth in my request for protective custody
(P.C.).
As you are aware,I was denied the protection from violence at the
hands of other prisoners,by the Administrative Review Board,Mike
Cheek,on December 20th,2007. That said,I am through this instant
letter informing you that,I face imminent danger here in general
population,**(F-house)**,where the prison officials **Infra,[FN.-1]**has
refused to act and have obviously disregarded my plea for help in
letters and my requesting protective custody.
I have exhausted **all** institutional/Administrative remedies avail-
able to me and ask that you intercede in this matter by placing
me in (p.c.).

**FN.1 - ROGER E.WALKER,Jr,TERRY L.McCann,MIKE CHEEK,L.TURNER,JERRY
BALDWIN,AND TAMMY GARCIA.**

                              Very Truely,yours,

                              Andrew Lamon,R-16056
                              Statevill,corr,center
                              Route 53,P.O.box 112
                              Joliet,Illinois 60434

                              **Inmate.**

## NOTICE OF FILING  /  PROOF OF SERVICE

To: ROGER E.WALKER,Jr.
Prison Director
1301 Concordia Court
Springfield,Il 62794-9277.

To: TERRY L.MCCANN
Stateville,Warden
Route 53,P.O.box 112
Joliet,Il 60434.

To: MIKE CHEEK
Administrative Review Board
1301 Concordia Court
Springfield,Il 62794-9277.

To: JERRY BALDWIN
X-house Counselor
Route 53,P.O.box 112
Joliet,Il 60434.

To: L.TURNER
Internal Affairs (I.A.)
Route 53,P.O.box 112
Joliet,Il 60434.

To: TAMMY GARCIA
(A.R.B.)Grievance Liason
Route 53,P.O.box 112
Joliet,Il 60434.

Please take notice that on,/ /16/2008,I mailed to the above-list-
ed prison officials,**all** a verified notice informing them that,in-
mate,**Andrew Lamon,R-16056**,is in imminent danger of serious physi-
cal harm at the hands of other prisoners. As set forth in my re-
quests for protective custody,of October 13th,2007.

And that the undersigned certifies that proper notice and service
copy has been served to the above-listed prison officials,by plac
ing the same in a sealed envelope,postage paid and depositing it
in the institutional mail at the Stateville correctional center,
Route 53,P.O.box 112,Joliet,Il 60434.

**STATE OF ILLINOIS** )
                     ) SS:
**COUNTY  OF WILL**   )

Under penalties provided pursuant to section **735 ILCS 5/1-109** of
the Code of Civil procedure and **28 U.S.C.sec.1746.**

Date: / /16/2008

_C. _____

Andrew Lamon,R-16056
Stateville,corr,center
Joliet,Illinois,60434.
Route 53,P.O.box 112.

**Inmate.**

*/ //6/2008*

STATE OF ILLINOIS, DEPARTMENT OF
CORRECTIONS, <u>PRISON OFFICIALS</u>:

ATTN: ROGER E. WALKER, Jr.,
TERRY L. MCCANN, MIKE CHEEK,
JERRY BALDWIN, TAMMY GARCIA,
AND, L. TURNER.

RE:  **VERIFIED NOTICE, IN REGARDS TO THE DENIAL OF PROTECTIVE
     CUSTODY, (P.C.), TO THE ABOVE-LISTED PRISON OFFICIALS,
     THAT, ANDREW LAMON, R-16056, HAS COMPLAINED TO SAID PRISON
     OFFICIALS, INFORMING THEM THAT, HE IS IN IMMINENT DANGER
     OF SERIOUS PHYSICAL HARM AT THE HANDS OF OTHER INMATES
     AND THAT SAID PRISON OFFICIALS ARE AWARE OF THE SUBSTANT-
     IAL RISK OF HARM TO, ANDREW LAMON, AND SAID PRISON OFFICIALS
     HAS DISREGARDED MY PLEA FOR SAFETY AND REFUSED TO PROTECT
     ME.**

<u>BACKGROUND</u>

On October 8th, 2007, I requested protective custody, I was
screened by c/o L. Turner, Internal Affairs (I.A.), and placed in
temporary (p.c.). On October 13th, 2007, X-house Counselor, Jerry
Baldwin, presented me with the official form to apply for, (p.c.)
I filled the form out and returned it the same day.
On November 13th, 2007, Counselor Baldwin, informed me that I had
been denied protective custody by the Warden. I grieved that dec-
ision and on the same day wrote Warden, Terry L. McCann, requesting
reconsideration of the denial of (p.c.).
To-date, I have had **no** response from the warden in regards to my
request.
On December 20th, 2007, The Administrative Review Board, Mike Cheek,
in a final decision, denied me entry into, **protective custody.**

I now bring this instant verified notice, which **all** of the
above prison officials were mailed a copy of on */ //6/2008.*
**ATTN:** To be **pellucid,** I am in **imminent danger** of **serious physical
harm,** and it is **palpable** that a **substantial risk to my safety exi-
sts.**

(1)

## VERIFIED NOTICE TO PRISON OFFICIALS

1). "prison officials have a duty...to protect prisoners from violence at the hands of other prisoners".

2). Imate,in his request for protective custody,on October 13th, 2007,has shown that,he is incarcerated under conditions posing a substantial risk of imminent danger,serious harm of physical violence to him and that the denial of protective custody,**forces** him into an unsafe environment,(**F-house**),where he has no other recourse but to await a tragic event,such as the imminent assault,before being accepted into protective custody.

3). Hereby this instant notice,inmates allegations as contained in his request for protective custody,inmate contends that,where X-house Counselor,and the Warden denied his (P.C.),request and he grieved that decision and then requested reconsideration from the Warden to no avail and where the Administrative Review Board,has denied inmate protective custody that,the prison officials,**Supra,** were/is aware of the imminentdanger,impending and substantial threat of physical violence to this inmates safety,where he has continuously complained to these prison officials.

**FN.1.** This inmate has grieved the denial of protective custody to the warden and the Administrative Review Board,thereby exhausting **all** Administrative remedies.

**FN.2.** This instant verified notice to prison officials,is accompanied by inmates ,Affidavit of Affirmation under penalty of perjury.

**Wherefore,**inmate Andrew Lamon,respectfully request that the above-stated prison officials reconsider the refusal to admit this inmate entry into protective custody.

Very Truely Yours,

Andrew Lamon,R16056
Route 53,P.O.box 11
Joliet,Il 60434.

**Inmate.**

XC:
**Roger E.Walker**
**Terry L.McCANN**
**Jerry Baldwin**
L. Turner
**Administrative Review Board,Tammy Garcia**
**Administrative Review Board,Mike Cheek**

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, Andrew Lamon,R-16056,inmate at the Stateville Correct-
ional center,and **Affiant,**do hereby declare and affirm under penal-
ty of perjury as defined in **735 ILCS 5/1-109,28 U.S.C.1746 or 18
U.S.C.1621,**that everything contained herein is true and accurate
to the best of my knowledge and belief.
I further declare and affirm that the contents of the foregoing
document(s),is/are known to me and is/are accurate to the best of
my knowledge and belief.
Finally,I do declare and affirm that the matter at hand is not
taken either frivolously or maliciously and that I believe the
foregoing matter is taken in good faith.

Signed this *16ᵀᴴ* day of *JANUARY* ,2008.


_Andrew Lamon,R-16056_
Affiant.


XC:
Roger E.Walker
Terry L.McCANN
Jerry Baldwin
L. Turner
Administrative Review Board,Tammy Garcia
Administrative Review Board, Mike Cheek



C.C.


( 3 )

**ATTN:** ILLINOIS DEPARTMENT OF                           / //ᴸ /2008
CORRECTIONS,PRISON OFFICIALS,
Terry L.McCann,Mike Cheek,
Jerry Baldwin,Tammy Garcia,
and L.Turner.


RE:     **LETTER OF COMPLAINT,TO THE ABOVE-LISTED PRISON OFFICIALS
        OF THE EXCESSIVE RISK OF SERIOUS PHYSICAL HARM AND IMM-
        INENT DANGER,THE DENIAL OF PROTECTIVE CUSTODY,PLACES THIS
        INMATE IN.**


        This letter of complaint,is in regards,**specifically,**to the
allegations as set forth in my request for protective custody(p.c)
on October 13th,2007.
I have complained to each of you,whether through letters and/or,
in person and I've been pellucid that,I fear for my safety and
that,in general population **(F-HOUSE),**I am in imminent danger of
violence at the hands of other prisoners,and again,ask to be pro-
tected by you,i.e.,**prison officials.**

**Finally,**I have complained to you all concerning my safety,to no
avail.
In a nut-shell,although,I have been denied,(p.c.),by the Warden,
which I grieved and the Administrative Review Board,on December
20th,2007. I ask respectfully,where all of you know of the risk
to my safety,or a high probability thereof,to please,**do something**
to protect me from harm at the hands of other prisoners,as I have
exhausted **all** institutional/Administrative remedies and remain in
**imminent danger.**


                                Very Truely Yours,


                                Andrew Lamon,R-16056
                                Stateville,corr,center
                                Route 53,P.O.box 112
                                Joliet,Illinois 60434.

xc:
Terry L.McCann,- Warden
Jerry Baldwin, - X-house Counselor
Mike Cheek, – Administrative Review Board
L.Turner, - Internal Affairs
Tammy Garcia, – Administrative Review Board

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

WR 320

| | | |
|---|---|---|
| **Name:** LAMON, ANDREW | **IDOC Number:** R16056 | **Race:** BLK |
| **Hearing Date/Time:** 6/13/2006  09:32 AM | **Living Unit:** PO▬ | **Orientation Status:** N/A |
| **Incident Number:** 200602126/1 - PON | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/4/2006 | 200602126/1-PON | SCROGUM, DALE E | SOUTH HOUSE UPPERS | 04:45 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
CORRECTED COPY GIVEN OFFENDER DUE TO A DATE CORRECTION.
**NOTE OFFENDER HAD ALREADY RECEIVED A CORRECTED COPY

REPORT READ OFFENDER STATED HE WAS GUILTY, BUT HE WAS JUST TRYING TO GET AWAY FROM HIS CELLIE.

## BASIS FOR DECISION
BASED ON THE OBSERVATION OF R/E THAT OFFENDER LAMON REFUSED TO LEAVE THE OFFENDER DINNING ROOM; R/E GAVE OFFENDER A DIRECT ORDER TO GO TO HIS CELL AND LOCK UP; OFFENDER STATED "I'M REFUSING TO LOCK UP BECAUSE I'M NOT GETTING ALONG WITH MY CELLIE" OFFENDER'S STATEMENT TO THE COMMITTEE THAT HE WAS GUILTY, AND R/E POSITIVE ID OF OFFENDER BY FACE AND NAME. THE COMMITTEE IS SATISFIED THE VIOLATION OCCURRED AS REPORTED.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| 1 Months Audio/Visual Restriction | 1 Months Audio/Visual Restriction |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |
| **Basis for Discipline:** NATURE OF INCIDENT | |

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| ELLINGER, ROBERT E  - Chair Person | | 06/13/06 | WHI |
| MOTTELER, ANABELLE | | 06/13/06 | HSP |

Recommended Action Approved

## Final Comments: N/A



RECEIVED

AUG 0 1 20▬

OF▬
INMA▬▬▬

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** LAMON, ANDREW                    **IDOC Number:** R16056                    **Race:** BLK

**Hearing Date/Time:** 6/13/2006   09:32 AM          **Living Unit:** PON-E-04-13          **Orientation Status:** N/A

**Incident Number:** 200602126/1 - PON              **Status:** Final

___

EDDIE  JONES / PP  6/13/2006                    *Eddie Jones*                    06/13/06

**Chief Administrative Officer**                    **Signature**                    **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

___

**Employee Serving Copy to Committed Person**          07- 05-06  3:00pm          **When Served - - Date and Time**



RECE—
AUG 0 1
INr

STATE OF ILLINOIS )
                  )SS
COUNTY OF         )
        LIVINGSTON

## AFFIDAVIT

I, ANDREW LAMON _____ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

I POINT TO THE "ORIGINAL TICKET" ITS IDENTIFIED
BY BEING THE TICKET WITH ONLY THE SIGNATURES OF
LT J. SAMSON #3354 SIGNED JUNE 4TH 2006, AND
THE TICKET SERVER D. MCFARION #3287, ON JUNE 5TH
2006. I. ANDREW LAMON. DID INFACT RECEIVE THIS
TICKET THE "ORIGINAL TICKET" JUNE 5TH 2006 AT 7:30
P.M.
THIS "RE-SERVE TICKET" IS OBVIOUSLY BOGUS, 1ST ITS
THE SAME TICKET WITH EXTRA ADDED ATTRACTIONS
I.E. THREAT TO SAFETY AND SECURITY, LT. B DALLAS AND
MJ. JAMES PFAU SIGNED AND ADDED ON TO THIS TICKET
ON JUNE 6TH 2006. MOREOVER, PLEASE NOTE THAT THE
ORIGINAL SERVERS NAME HAS BEEN/WAS SCRATCHED
OUT. ALTERATION OF TICKETS?
IN ANY EVENT, THERE IS NO DATE CORRECTION, ONLY
A THINLY VIELED ATTEMPT AT ADDING AN OFFENSE.
I PRESENTED THE "ORIGINAL TICKET" TO THE ADJUSTMENT
COMMITTEE AND WAS GIVEN 30 DAYS (SEE SUMMARY)
THIS THREAT TO SAFETY AND SECURITY ACCUSATION IS UN-
FOUNDED AND OUTRAGEOUSLY WICKED AND VILE.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 24TH day of JULY , 200 6 .

RECD

AUG 01 2006

OFFICE OF
INMATE

_____
                              **Affiant**

ORIGINAL TICKET

Illinois - Department of Corrections
**DISCIPLINARY REPORT**

Page ___1___ of ___1___

☑ Disciplinary Report ___June 4 2006___ Date

☐ Investigative Report _____ Date

Committed Person ___Lamon___    No. ___R16656___    Facility ___Pontiac C.C.___

Observation Date ___June 4 2006___ Time ___Approx 4145___ am Location ___Upper Inmate Dining Room___

Lt. D. Severson #364
PRINT Employee's Name

Lt. D. Severson June 4 2006 455
Employee's Signature/Date/Time

Offense 304? ___403 Disobeying a direct order___

Observation: On the above DATE AND Approx time, while this Lt was calling the first half of 7gallery back to their cell/shelter feeds, inmate Lamon R16656 refuse to leave the Dining Room. This Lt gave Ya Lamon a direct order to go to his cell and lock up. Ya Lamon stated "I'm refusing to lockup because I'm not getting along with my cellie" This Lt Notified Shift Commander Lt. Severson who told this Lt to take Lamon to East Segregation. This Lt Knows this inmate by face and name also was I.D. from his I.D. card.

Witnesses, if any: ___N/A___    END of Report

NOTE: If as continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement    ☐ Investigative Status    Reasons: _____

_____

PRINT Name

Shift Supervisor's Signature and Date
(For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer    Comment: _____

_____

PRINT Name

Signature/Date

☑ MAJOR, submitted to Adjustment Committee    ☐ MINOR, submitted to Program Unit

LT. T SAMSON
PRINT Name

_____ #354 6-4-06
Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator
(Adult Division Major Reports Only)    PRINT Name

Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses can be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____    Committed Person Refused to Sign ☐

_____    _____    _____
PRINT Serving Employee's Name    Serving Employee's Signature    Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____
Please Unit:

_____
Committed Person's Signature and Number

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report.

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

_____
Committed Person's Name and Number

DOC 0235 (Rev. 4/96)    Distribution: 1) Master File; 2) Committed Person;
DC 426-0240    3) Facility; 4) Facility

RECEIVED
AUG 0 1 2006
OFFICE OF
INMATE ISSUES

"ORIGINAL TICKET"

State of Illinois - Department of Corrections
**DISCIPLINARY REPORT**

☑ Disciplinary Report _June 4 2006_
                        Date

☐ Investigative Report _____
                              Date

Committed Person: _____    No. _K-66676_    Facility: _Pontiac C C_

Observation Date: _June 4 2006_  Time: _____ am/pm  Location: _____

_____
PRINT Employee's Name

_____
Employee's Signature/Date/Time

Offense, 504 §: _____

Observation: _____
_____
_____
_____
_____
_____
_____

Witness, if any: _N/A_

**NOTE:** Use continuation page if necessary to describe observation and/or list witnesses.

☑ Temporary Confinement   ☐ Investigative Status   Reasons: _Nature of offense_

_____
PRINT Name

_____
Shift Supervisor's Signature and Date
(For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer   Comment: _____

_____
PRINT Name

_____
Signature/Date

☑ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit

_____
PRINT Name

_____
Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator
(Audit Division/Major Reports Only)    _____
                                        PRINT Name

_____
Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____
Committed Person's Signature and Number

Committed Person Refused to Sign ☑

_____
PRINT Serving Employee's Name

_____
Serving Employee's Signature

_3315_
_6-11-06_  _3:51_
Date and Time Served    am/pm

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Defense Date: _____

_____
Committed Person's Signature and Number

- - - (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING) - - -

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report.

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

DC 7205 (Rev. 4/98)   Distribution: 1) Master File; 2) Committed Person;
IL 426-0361                            3) Facility; 4) Facility

_____
Committed Person's Name and Number

RECEIVED
7:03 01 2:0
OFFICE OF
INMATE ISSUES

OBRRM122

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER TRACKING SYSTEM:RM                    RUN DATE: 07/12/06
GRADE PROMOTION NOTIFICATION                   RUN TIME: 18.16.45

AS OF DATE: 07/12/06

INSTITUTION:  PONTIAC

IDOC # : R16056     NAME : LAMON ANDREW              LIVING UNIT : WR-03-20

THIS IS TO INFORM YOU THAT AS OF 07/13/06 YOU HAVE BEEN
PROMOTED TO B GRADE UNTIL 08/13/06.

FROM:  RECORDS OFFICE



RECEIVED

AUG 0 1 2006

OFFICE OF
INMATE ISSUES

L, ANDREW

ILLINOIS DEPARTMENT OF CORRECTIONS
**Request for Return/Purchase of Contract Property**
**Pontiac Correctional Center**

I REQUEST AUTHORIZATION OF THE RETURN AND/OR PURCHASE OF CONTRACT PROPERTY

| R16056 | Anthony Lamont | WEST 320 |
|---|---|---|
| IDOC # | INMATE NAME | UNIT / CELL # |

**INMATE USE**
INMATE: CIRCLE CONTRACT ITEM(S) REQUESTED FOR PURCHASE FROM COMMISSARY

| | |
|---|---|
| TELEVISION | CLIP ON LAMP |
| RADIO | BROTHER ML100 TYPEWRITER |
| WALKMAN | HOT POT (MSU ONLY) |
| HEADPHONES | |
| FAN | |
| RAZOR | |
| WATCH | |

INMATE: LIST THE AUDIO/VISUAL ITEMS, IN PERSONAL PROPERTY, YOU ARE REQUESTING PERMISSION TO HAVE RETURNED TO YOU:

Television / Secureview - RCA model # 513801 CL Serial # D233DC1YY

Headphones / earbuds

**STAFF USE**

| INITIAL SEG. PLACEMENT | TOTAL SEG. TIME | SEG. OUT DATE |
|---|---|---|

IDR OFFENSE (NUMBER) AND REASON FOR PLACEMENT:

ANY INJURIES INCURRED BY STAFF/INMATE: _____

LAST MAJOR IDR: _____    LAST MINOR IDR: _____

RECEIVED

AUG 01 2006

OFFICE OF
INMATE ISSUES

APPROVED / DISAPPROVED ------ TO PURCHASE

APPROVED / DISAPPROVED ------ TO OBTAIN FROM PERSONAL PROPERTY

SUPERINTENDENT SIGNATURE _____    DATE 7-8-06

DATE INMATE MAY REQUEST AGAIN: 30 days

COMMENTS: _____

CC:  Inmate
     Property File (property request only)
     Commissary File (purchase request only)

PON 0160 (eff. 4/02)
(Replaces P-459)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Protective Custody Status**

SRD 7-4-06

_Pontiac_ **Correctional Center**

---

**Committed Person's Request for Protective Custody** (check one):   ☒ Placement   or   ☐ Release

I, Andrew Lamon                    R16056      413 E      hereby request to be
  Print Committed Person's Name          ID#        Cell/Unit

placed in or released from protective custody status for the following reasons (provide specific reason, including names, nicknames, and cell numbers of enemies, etc.). I understand I will remain in protective custody status until voluntarily released or until all administrative remedies sought have been exhausted.

_Had problems with gangs in Menard. Black P-Stones._
_Have a hit out on him By the Black P-Stones. He does not want to_
_go back to the same cell in P.C. as he was before_

RECEIVED

AUG 01 2006

X _____Andrew Lamon_____      OFFICE OF      6 , 23 , 06
    Committed Person's Signature    INMATE ISSUES      Date

---

**Complete for Initial Placement:**

The committed person was initially placed in protective custody status on _____ / _____ / _____ at _____  a.m. p.m.
                                                                    Date                    Time

☐ Shift Commander or Duty Administrative Officer notified:

_____      _____ / _____ / _____   _____  a.m. p.m.
   Name of Person Notified              Date              Time

_____                      _____
   Print Name of Staff                          Signature of Staff

---

**Facility Decision:**

Your request for ☒ placement in or ☐ release from protective custody was reviewed by the facility on  9 , 6 , 06  and it was:
                                                                              (Date)

☐ Approved.

☒ Denied. You may immediately grieve this decision to the Administrative Review Board in accordance with DR 501 by so indicating below. If grieved, you will remain in protective custody status until a final decision is made by the Director.

_____Eddie_____                                 9 , 6 , 06
   Chief Administrative Officer's Signature                Date

---

**Offender's Acknowledgement:**

Please acknowledge receipt of this decision by signing below and indicating whether or not you wish to grieve this decision.

☑ I hereby grieve this decision to the Administrative Review Board. I understand the administration will forward this grievance to the Administrative Review Board; no other grievance form need be filed by me.

☐ I am not grieving release from protective custody status.

_____Andrew Lamon_____                          7 , 7 , 06
   Committed Person's Signature                      Date

---

This decision was served to committed person by:

_____R. Flex_____                _____R. Flex_____             7 , 7 , 06
   Print Name of Staff                Signature of Staff              Date

☐ Committed person refused to sign. (Forward to the Administrative Review Board for final review and the Director's determination.)

**NOTE:**   If grieved, the administration shall forward a copy of this form to the Administrative Review Board for direct review, attaching a copy of Protective Custody Status Review.

Distribution:   Master File; Administrative Review Board, if applicable;       Printed on Recycled Paper          DOC 0054 (Eff. 10/2001)
                Committed Person

36



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL  60434 / Telephone: (815) 727 -3607 / TDD: (800) 526-0844

## MEMORANDUM

DATE:    December 13, 2007

TO:    R16056  Andre Lamon
         Unit  X-LW-08

FROM:    Tammy Garcia, CC2
         Grievance Officer
         ARB Liaison

SUBJECT: **ADMINISTRATIVE REVIEW BOARD HEARING–Thurs. Dec. 20**

You are scheduled for a hearing before the Administrative Review Board on the above date at approximately 9:00 AM.

cc:         File

VI.    Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

In the cause Sub judice,this plaintiff,respectfully prays,not

that this Honorable Court,grant plaintiff,an outlandish monetary

award,but rather that,simply put,prison officials be directed to

protect plaintiff,from the imminent danger feared by plaintiff at

the hands of other prisoners,placed into (p.c.),and that,because

the Defendants **all** were aware of the threat(s) complained of by

plaintiff,That This Honorable Court,award. plaintiff,nominal and/

or punitive damages,to deter prison officials in general from ex-

hibiting such reprehensible conduct in the future. And order the

Defendants to pay for the costs of this proceedings.

I declare under penalty of perjury that all facts given in the complaint are true and correct.

Signed this 3 1st day of January, 2008.

(Signature of plaintiff or plaintiffs)

R-16056

(I.D. Number)

Stateville correctional center

Route 53,P.O. box 112

Joliet,Illinois 60434 -0112.

(Address)

8