IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
FEB 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ANDREW LAMON,<br>　　　　Plaintiff,<br><br>　　-VS-<br>Mike Cheek,<br>Roger E. Walker, Jr.,<br>Terry L. McCann,<br>Jerry Baldwin, Tammy<br>Garcia, and L. Turner.<br>　　　　Defendants. | 08cv910<br>JUDGE ASPEN<br>MAG. JUDGE MASON<br>The Honorable Judge Presiding. |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION.**

　　This is a Civil Rights action, brought under 42 U.S.C. § 1983, by a State prisoner, in imminent danger of physical violence at the hands of other prisoners, seeking protective custody. The plaintiff seeks a temporary restraing order and a preliminary injunction to ensure that he is protected from violence at the hands of other prisoners, by prison officials.

**STATEMENT OF FACTS**

　　As set forth in plaintiffs claim, in the declaration submitted with this motion, plaintiff alleges that, defendants violated his eighth Amendment Rights, where with deliberate indifference to plaintiffs safety, where defendants were fully aware of the substantial risk of imminent danger and serious physical harm to the plaintiff, repeatedly denied the plaintiff entry into protective custody, (Hereinafter, P.C.).
The Defendants against whom relief is sought are respectively, the prison director, the Warden, the Administrative Review Board, the Counselor and the Internal Affairs officer, who is responsible as prison officials, for protecting the plaintiff.

**GROUNDS FOR RELIEF**

　　In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally

(1)

consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public intrest. Each of these factors favors the grant of this motion.

### A). The plaintiff is threatened with irreparable harm.

The plaintiff alleges that, prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another, further, the plaintiff alleges that the defendants acted with deliberate indifference to plaintiffs safety in refusing, (p.c.), and that the defendants are aware of and disregards the excessive risk to plaintiffs safety.
Such conduct by prison officials is a clear violation of the 8th Amendment. (**Farmer V. Brennen**, 511 U.S. 825, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994) : **Mc Gill V. Duckworth**, 944 F.2d 344, 349 (7-th Cir. 1991). In failure to protect cases, "[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety".
To that end, as a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. (**Elrod V. Burns**, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976).

### B). The balance of hardships favor the plaintiff.

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. (see, e.g., **Mitchell V. Cuomo**, 748 F.2d 804 808 (2d Cir. 1984) (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); **Duran V. Anaya**, 642 F.Supp. 510, 527 (D.N.M. 1986) (holding that prisoner's intrest in safety and medical care outweighed state's intrest in saving money by cutting staff).

In this case, the failure to protect plaintiff and forcing him into general population, where plaintiff has made known to the Defendants <u>all</u>, through letters of complaint and verified notice that an assault on him is imminent, plaintiffs safety is at issue. Plaintiff is in a situation where he is waiting to be assaulted. The "suffering" the defendants will experience if the court grants the order will consist of taking plaintiff to X-huose protective custody, something that defendants do whenever an inmate request (p.c.) for members of the prison population on a daily basis. The defendants hardships amounts to no more than business as usual.

### C). The plaintiff is likely to succeed on the merits.

(2)

The plaintiff, has a great likelihood of success on the merits. What the defendants have done -- is acted with deliberate indifference to plaintiffs safety, knew and disregarded an excessive risk to plaintiffs safety, in failing to take reasonable steps to insure plaintiffs safety, including harm done by one inmate to another", as was specifically singled out by the Supreme Court as an example of unconstitutional "deliberate indifference", where the prison officials were "subjectively aware of the risk". **Farmer, 511 U.S. at ----, 114 S.Ct. at 1974. See. Billman V. Indiana Dep't of Corrections, 56 F.3d 785, 788 (7th Cir. 1995) and Mc Gill V. Duckworth, 944 F.2d 344, 349 (7th Cir. 1991).**

### D). The relief sought will serve the public intrest.

In this case, the grant of relief will serve the public intrest because it is always in the public intrest for prison officials to obey the law. (**Duran V. Anaya, Supra**) ("Respect for the law, particularly by officials responsible for the administration of the state's correctional system, is in itself, a matter of the highest public intrest".); see. also, **Llewelyn V. Oakland County Prosecutors Office, 402 F.Supp. 1379, 1393 (E.D.Mich. 1975)** ("the Constitution is the ultimate expression of the public intrest").

### E). The plaintiff should not be required to post security

Usually, a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the plaintiff, is an indigent prisoner and is unable to post security.
That said, this Honorable Court, has discretion to excuse an impoverished litigant, such as plaintiff, from posting security. (See. **Orantes-Hernandez, V. Smith, 541 F.Supp. 351, 385 n. 30 (C.D.Cal. 1982)** Moreover, in view of the serious, imminent physical danger confronting the plaintiff, this Honorable Court, should grant the relief requested without requiring the posting of security.

### Conclusion

**Wherefore**, for the foregoing reasons, the Court should grant the motion Subjudice, in its entirety.

Respectfully submitted

Date:  1 /31/2008

by _____
Andrew Lamon, R-16056
Route 53, P.O. box 112
Joliet, Illinois 60434

(3)