MHW

# PROCESS RECEIPT AND RETURN
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

**U.S. Department of Justice**
**United States Marshals Service**

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Andrew Lamon | 08C0910 |
| DEFENDANT | TYPE OF PROCESS |
| Roger E. Walker, et al. | S/C |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Tammy Garcia, Administrative Review Board Liason, Stateville Correctional Center

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** S.C.C., C/O K. Sandlin, Legal Dept. P.O. Box 112, Joliet, Il 60434

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Andrew Lamon, #R-16056
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 6 |
| Check for service on U.S.A. | 0 |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

**FILED**
3-31-2008
MAR 31 2008   YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT

TELEPHONE NUMBER

DATE: 02-21-08

---

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)

| Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| 5 of 6 | No. 24 | No. 24 | Td | 02-21-08 |

I hereby certify and return that I ☐ have personally served, ☒ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Received signed waiver from Tammy Garcia + Receipt of certified delivery (green card)

Date of Service: 3/1/08
Time: pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund |
|---|---|---|---|---|---|

REMARKS: One service fee charged same case + location. Mailed certified mail w/ waiver 7007-0710-0000-9600-1006

See process sheet # 2 for charge.

PRIOR EDITIONS MAY BE USED        **1. CLERK OF THE COURT**        FORM USM-285 (Rev. 12/15/80)

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

_____
(DISTRICT)

## Waiver of Service of Summons

TO: **Andrew Lamon**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Tammy Garcia, acknowledge receipt of your request that I waive
(DEFENDANT NAME)
service of summons in the action of Andrew Lamon vs. Roger E. Walker, et al.
(CAPTION OF ACTION)
which is case number 08C0910 in the United States District Court for the
(DOCKET NUMBER)
Northern District of Illinois
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 21, 2008
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

3/11/08                    _Tammy Garcia_ (signature)
DATE                                SIGNATURE

Printed/Typed Name: Tammy Garcia

As _____ of _____
   TITLE                          CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.