IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW LAMON B16056 | ) | |
| | ) | |
| Plaintiff, | ) | No.08 C 910 |
| | ) | |
| v. | ) | Honorable Marvin E. Aspen |
| | ) | Judge Presiding |
| ROGER E. WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

NOW COME the Defendants, ROGER WALKER, TERRY MCCANN, JERRY BALDWIN, MICHAEL CHEEK, LESLIE TURNER and TAMMY GARCIA by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

**INTRODUCTION**

This action is brought by Andrew Lamon (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff claims his Eighth Amendment rights were violated by the Defendants, Roger Walker, Terry McCann, Jerry Baldwin, Michael Cheek, Leslie Turner, and Tammy Garcia.

Plaintiff alleges that on October 8, 2007, he requested protective custody due to threats from his cell mate. These threats included physical violence and an unwanted homosexual advance. Plaintiff alleges that Defendant Turner placed him in temporary protective custody to await protective custody approval. (See Plaintiff's complaint). On October 13, 2007, he received a protective custody request form from Defendant Baldwin. (See Plaintiff's complaint). Plaintiff alleges that he was later informed by Defendant Baldwin that his request was denied. (See Plaintiff's

1

complaint). On November 13, 2007 a request for reconsideration of protective custody was sent to Defendant Terry McCann, the warden of Stateville.(See Plaintiff's complaint). On December 13, 2007, the Plaintiff received a notice that there would be a hearing regarding his request for protective custody. (See Plaintiff's complaint). The Plaintiff alleges that after the hearing he was informed by Defendant Cheek that his request was denied. (See Plaintiff's complaint). On January 16, 2008, Plaintiff sent a letter to Defendant Walker, the director of the Illinois Department of Corrections, Defendant Garcia, Defendant McCann, Defendant Baldwin and Defendant Turner. Plaintiff then filed suit in February of 2008.

Plaintiff's Complaint as to all Defendants must be dismissed in its entirety. First, the Eleventh Amendment bars suits against the States, which includes state officials in their official capacities. Second, Plaintiff fails to state a claim for failure to protect. Lastly, Plaintiff fails to allege personal involvement in regards to Defendant Walker, the Director of the Illinois Department of Corrections.

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests whether the claimant has properly stated a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, 1964 (2007). The Court must dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations. Glatt v. Chicago Park District, 847 F.Supp. 101, 103 (N.D.Ill. 1994). Although courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, the court need not strain to find favorable inferences which are not apparent on the face of the complaint. Id. at

103. Nor is this court required to accept legal conclusions either alleged or inferred from pleaded facts. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In order to survive a motion to dismiss, the complaint must state either direct or inferential allegations concerning all elements necessary for recovery under the chosen legal theory. Glatt, 847 F. Supp. at 103. Finally, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), citing Papasan v. Allain, 478 U.S. 265, 286,(1986). It is with these standards in mind that this motion must be decided.

**ARGUMENT**

  **I. THE ELEVENTH AMENDMENT BARS ALL OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES.**

The Eleventh Amendment prohibits the Plaintiff from suing the Defendants in their official capacities. A suit against a Defendant acting in her official capacity is effectively a suit against the state itself. Brandon v. Holt, 469 U.S. 464, 471-472 (1985). A state is not a "person" subject to suit under 42 U.S.C. § 1983. Arizonans for Official English v. Arizona, 520 U.S. 43, 68-69 (1996). Additionally, the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities when the state is the real party in interest. Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002). "When the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Edelman v. Jordan, 415 U.S. 651, 663 (1974).

  The United States Supreme Court has unequivocally held that an unconsenting state cannot

be sued in federal court. Pennhurst v. Haldeman, 465 U.S. 89, 100-101 (1984). A state simply cannot be sued in federal court, unless Congress has chosen to override the Eleventh Amendment by legislating pursuant to its power under section 5 of the Fourteenth Amendment. see Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). Since Illinois has not consented to the suit in federal court, and since the stated exception does not apply in this case, Plaintiff's claim is defective on its face.

 In Pennhurst, the Court stated:

> This Court's decisions thus establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. There may be a question, however, whether a particular suit in fact is a suit against the State. It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.
> Pennhurst, 465 U.S. at 100.

The Court further held that it makes no difference whether the Plaintiff seeks damages or injunctive relief. Id. at 102.

 The Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. See, e.g., Kroll v. Board of Trustees of Univ. of Illinois, 934 F.2d 904, 907 (7th Cir. 1991); Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir. 1995); Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir. 1992). The Eleventh Amendment bar has also been applied to the Illinois Department of Corrections. Trotter v. Klincar, 748 F.2d 1177, 1181 (7th Cir. 1984). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. Quern v. Jordan, 440 U.S. 332 (1979).

 Courts have created a few exceptions to the general rule that states are immune from suit in federal court, however the exceptions do not apply where the Plaintiff seeks monetary relief.

American Soc. Of Consultant Pharmacists v. Patla, 138 F.Supp.2d 1062, 1068 (N.D. Ill. 2001). According to the Supreme Court, Courts can tell a state official to comply with federal standards in the future, however, federal Courts cannot tell a state official to use state funds to make reparation for the past. Edelman, 412 U.S. at 664-665, citing Rothstein v. Wyman, 467 F.2d 226 (2nd Cir. 1972).

    Here, Plaintiff fails to specify in which capacity he is suing the Defendants. "In the absence of any express statement that the parties are being sued in their individual capacities, an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only." Yeksigian v. Nappi, 900 F.2d 101, 104 (7th Cir. 1990). Courts look at multiple factors in deciding whether a complaint is to be construed as a suit against the defendants in their official or individual capacities.  One factor is the Plaintiff's use of the Defendant's official title. Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir. 1991). Plaintiff refers to each of the Defendants by their official titles.  He refers to Defendant Turner as C/O Turner, Defendant Baldwin as Counselor Baldwin, Defendant McCann, as the warden of Stateville Correctional Center, Defendant Walker as Prison Director, and Defendant Garcia as Liaison Garcia. This indicates an intent to sue the Defendants in their official capacities.  As such Plaintiff is suing the State.  Moreover, part of the relief sought from the Defendants is monetary.  Plaintiff seeks nominal and or punitive damages. Therefore, this case does not fall under the injunctive relief exception.  Because Plaintiff sues the Defendants in their official capacities and seeks monetary damages, Plaintiff's official capacity claims are barred by the Eleventh Amendment. Consequently, Plaintiff's Amended Complaint must be dismissed with prejudice as to all Defendants in their official capacities to the extent that the relief requests is monetary in nature.

## II. THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FAILURE TO PROTECT

In order to state a claim for failure to protect, the Plaintiff must allege (1) that he is incarcerated under conditions posing a substantial risk of serious harm, " and (2) defendants acted with deliberate indifference to that risk." Brown v. Budz, 398 F.3d 904, 909 (7th Cir. 2005).

### A. PLAINTIFF FAILS TO ALLEGE EXPOSURE TO A SERIOUS HARM IN LIGHT OF HIS SEPARATION FROM THE ALLEGED THREAT

In order to adequately allege incarceration under conditions posing a substantial risk of harm, Plaintiff is required to allege that he experienced or was exposed to a serious harm and that there was a substantial risk beforehand that the serious harm might occur. Id. at 910. The deprivation must be "objectively, sufficiently serious, amounting to a denial of the minimal civilized measure of life's necessities." Id. In this case the Plaintiff alleges that he has been subjected to threats of physical violence and an unwanted homosexual advance from his cell mate. However, he attaches to his complaint the report from the Administrative Review Board dated 12-20-2007. The Administrative Review Board report states that the Plaintiff listed his former cell mate, Daniel Smith, as a declared enemy. The report indicates that the Plaintiff's former cell mate, Daniel Smith, is being kept separate from the Plaintiff. Furthermore, the report states that the Plaintiff will continue to be kept separate from his previous cell mate. In order for there to be a "substantial risk," the risk must be so great that it is almost certain to materialize if nothing is done. Id. at 911. In this case, steps were taken according to the Administrative Review Board report, and those steps ensured that the risk was not "almost certain to materialize." Id.

### B. PLAINTIFF FAILS TO ALLEGE DELIBERATE INDIFFERENCE

The Plaintiff must allege that the Defendants knew of and disregarded an excessive risk to his health or safety. Id. at 913. The Plaintiff fails to allege that the Defendants knew of a threat to his safety and disregarded the threat. In fact, the Plaintiff states that Defendant Turner placed him in temporary protective custody. (See Plaintiff's complaint). He states that Defendant Baldwin gave him a request form for protective custody. (See Plaintiff's complaint). He states that he sent a letter to warden Terry McCann on November 13, 2007 requesting a reconsideration of the denial of protective custody. (See Plaintiff's complaint). He states that on December 13, 2007, he received a notice from the Administrative Review Board, Defendant Garcia, that a hearing was scheduled. (See Plaintiff's complaint). He also attaches to his complaint the report from the Administrative Review Board dated 12-20-2007. Defendant Cheeks, is listed as being present for the Administrative Review Board hearing. The report states that the Plaintiff's former cell mate was being kept separate from the Plaintiff. This same report states that the Plaintiff will continue to be kept separate from his previous cell mate. This report shows that the Defendant's have not been deliberately indifferent to the Plaintiff's perceived threat. With the addition of this report, Plaintiff has pled himself out of court. The Seventh Circuit has held that the court is "not required to ignore facts alleged in the complaint that undermine the plaintiff's claim." Wroblewski v. City of Washburn, 965 F.2d 452, 459 (7th Cir. 1992). By Plaintiff's own admission, Defendant's Cheeks, Turner, Garcia and Baldwin took steps to alleviate any risk to the Plaintiff. Plaintiff does not sufficiently allege deliberate indifference.

### III. PLAINTIFF FAILS TO PLEAD SUFFICIENT PERSONAL INVOLVEMENT TO HOLD DEFENDANT WALKER LIABLE FOR THE CAUSES OF ACTION OUTLINED IN HIS COMPLAINT

An individual cannot be held liable under 42 U.S.C sec. 1983 unless he or she is personally

responsible for an alleged constitutional deprivation. Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). The complaint must sufficiently allege the Defendant's personal involvement in order to state a constitutional claim. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1983). An official must act with deliberate or reckless disregard of an inmate's constitutional rights. Id. Or the constitutional deprivation must occur at the Defendants knowledge and consent. Id. In this case the Plaintiff has failed to allege sufficient personal involvement in regards to Defendant Walker, the Director of the Illinois Department of Corrections. The Plaintiff alleges that he sent a letter to all of the Defendants including Defendant Walker on January 16, 2008. However, he does not allege that Defendant Walker acted with deliberate or reckless disregard of his rights. In fact, the Plaintiff filed suit just five weeks after he sent his letter. Additionally, Plaintiff's complaint along with the attachments to the complaint are full of references to the attention given to his claims. Plaintiff must demonstrate personal involvement by showing that Defendant Walker knew about the claimed constitutional violation, *and* "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye…" Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995).

"[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic Corp et al. v. Twombly, 127 S.Ct 1955, 1964 (2007). There must be more than just a statement of facts. Id. at 1965. Therefore, Plaintiff's claims against Defendant Walker must be dismissed with prejudice.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff's Complaint fails as a matter of law. Defendants respectfully request that the complaint be dismissed, in its entirety, with prejudice.

| | |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted, |
| | By:  s/Camile Lindsay<br>CAMILE J. LINDSAY<br>Assistant Attorney General<br>Office of the Attorney General<br>100 W. Randolph Str., 13th Floor<br>Chicago, Illinois  60601<br>(312) 814-4329 |