IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ANDREW LAMON, )
        Plaintiff, ) NO. 08-c-910
-vs- )
        ) 08c910
ROGER E. WALKER, Jr., et al., ) Hon. MARVIN E. ASPEN
        Defendants. )

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Comes now the Plaintiff, ANDREW LAMON, Pro-se, And brings respectfully before this Court his response to defendants motion to dismiss. In support thereof, Plaintiff states;

1). Defendants, in its motion, presents (3) claims and upon that premise, urge this Honorable Court, to dismiss Plaintiff's complaint, to wit; That, the Eleventh Amendment, bars suits against the states, which includes state officials in their official capacities and that, Plaintiff fails to state a failure to protect claim.
Finally, that Plaintiff fails to allege personal involvement in regards to, Defendant Walker, the director of the Illinois Department of Corrections.

[1]

THE Honorable Court's Copy "Original"

2). As an initial matter, Plaintiff moves the Court to, liberally construe his Pro-se Pleadings to reach it conclusion in the motion Sub Judice. (Calhoun V. Detella, 319 F.3d 936 (2003). Plaintiff now will address defendants claims in turn and ask that This Court, deny defendants motion.

3). Plaintiff Points to the "relief" prayed for in his Complaint and contends that, The 11TH Amend. is not implicated, defendants All were individually aware of the complained of Const. violation and it's Plaintiffs intention that they be sued in their individual capacity, and that Plaintiff sought/seeks Prospective relief.

4). Defendant correctly state that, relief that serves to compensate a Party injured in the past is impermissible. (Edelman, 412 U.S. at 664-665). However, relief, as prayed for on this Point, to bring an end to a Present violation of federal law is not barred by the 11TH Amendment. (see. Will V. Mich. Dep't of STATE Police, 491 U.S. at 89-90 (1989). To that end, because suits seeking Prospective relief are not suits against the state, Plaintiff's may seek such relief under §1983. (see. Will, 491 U.S. at 71n.10; see also, Mo. V. Jenkins, 491 U.S. 274, 280 (1989).

5). Further, Plaintiff, in an attempt to bring an end to the instant violation of Federal law, with <u>no</u> mention or intention of monetary relief, has in this Court, filed a motion to withdraw against the defendant, Tammy Garcia, and alerted attorney for defendants <u>all</u>, Camile Lindsay, that Plaintiff will withdraw his complaint, provided the defendants, "Protects him from harm at the hands of other inmates". (see, Motion on file).

6). In any event, the fact that Plaintiff requested nominal and/or, Punitive damages is of no moment. Where nominal damages, "are not compensation for loss or injury, but rather, recognition of a violation of rights". (Redding v. Fairmen, 717 F.2d 1105, 1119 (7TH Cir. 1983); See, Sahagian v. Dickey, 827 F.2d 90, 100 (7TH Cir. 1987); see also, DeTella, Supra, and cases cited). Additionally, "nothing Prevents an award of Punitive damages for constitutional violations when compensatory damages are not available" (see DeTella, supra, citing Erwin v. Manitowoc County, 872 F.2d 1292, 1299 (7TH Cir. 1989).

7). Therefore, Plaintiff's requested relief, liberally construed, does not implicate the Eleventh Amendment. Consequently, defendants argument must fail.

[3]

8). Plaintiff now turns to defendants second and third claims and move the Court to strike said claims as crass.

It should already be plain that defendants motion is illustrative of the all-too-prevalent practice of wasting this Honorable Courts and Plaintiffs verified, limited substance, (in this case, defendants obvious ignorance of the Courts cause of action findings, 28 U.S.C. 1915 A, Feb. 19th, 2008) on Rule 12(b)(6) motions, when few such motions have merit, for instance;

defendant argument #2 at (A), (b), Had defense Counsel been abreast of her case, instead of filing general motions, she would have not contended that "Plaintiff has Pled himself out of Court", on the notion that, "defendants Cheeks, Turner, Garcia and Baldwin, took steps to alleviate any risk to the Plaintiff".

Quite the contrary, on 1/16/2008, Plaintiff in his, "verified notice", pg. 2, at Para 2, essentially begged these defendants not to send him to (F-house), beyond that, Counsel should peruse Plaintiffs motion to reconsider his preliminary injunction and temporary restraining order, Exhibits, A, b, c. filed on March 11th, 2008.

[4]

9). Consequently, Plaintiff, since January 16th, 2008, i.e., being placed in General Population, (F-House), for fear of being killed, by being hurled off the four (4) Gallery, (F-House) rail, has not showered, participated in recreational yard or for any reason, came out of his cell 413. (See. Exhibits, A, B, C supra).

In regards to the claim that Plaintiff failed to allege deliberate indifference, I again point to the Courts, February 19th, 2008, findings.

10). Finally, In regards to the claim that the Plaintiff fails to plead sufficient personal involvement to hold defendant Walker liable for the causes of action outline in his complaint.

On motion to dismiss, for failure to state cause of action, all well-pleaded allegations of the complaint are deemed admitted, with every reasonable doubt resolved in favor of pleader. Fed. Rules. Civ. Proc. Rule 12(b)(6) 28 U.S.C.A. Here, to overcome defendants motion to dismiss, Plaintiff embrace, adhere to and incorporates hereto, this Honorable Courts findings of February 19th, 2008.

to wit;

[5]

"Here, accepting Plaintiff's allegations as true, the Court finds that the Plaintiff has articulated a colorable federal cause of action". " To state an actionable Eighth Amendment claim, the Plaintiff must plead that the defendant has acted with deliberate indifference to a substantial risk of harm; the Plaintiff has satisfied that pleading standard".

Wherefore, Plaintiff respectfully pray that this Honorable Court, deny defendants motion to dismiss and again direct that," defendants must respond to Plaintiffs allegations", thus Pray Plaintiff.

Respectfully Submitted
by G. [signature]
Andrew Lamon, R-16056

[6]

## Declaration under Penalty of Perjury

Pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS 5/1-109, I Declare, under Penalty of Perjury, that I am a named Party in the above action, that I have read the above document(s) and that, the information contained therein, is true and correct, to the best of my knowledge.

May, 7th, 2008

Andrew Lamon, R-16056
Route 53, P.O. box 112
Joliet, Illinois 60434,
Plaintiff, Pro-se.

## Certificate of service

The undersigned certifies that on the, 7th day of May, 2008, a copy of the foregoing instrument was served upon the following:

Hon. Marvin E. Aspen
219 S. Dearborn Street
Chicago, Illinois 60604.

Michael W. Dobbins
U.S. District Court Clerk
219 S. Dearborn Street
Chicago, Illinois 60604.

Lisa Madigan, Attorney General
c/o Camile Lindsay
100 West Randolph Street, 13th Fl.
Chicago, Illinois 60601.

By depositing the same in the U.S. Mail, at the Stateville, Correctional Center, Route 53, P.O. box 112, Joliet, Illinois 60434.

Andrew Lamon, R-16056
Plaintiff, Pro-se.