IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW LAMON B16056 | ) | |
| | ) | |
| Plaintiff, | ) | No.08 C 910 |
| | ) | |
| v. | ) | Honorable Marvin E. Aspen |
| | ) | Judge Presiding |
| ROGER E. WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

NOW COME the Defendants, ROGER WALKER, TERRY MCCANN, JERRY BALDWIN, MICHAEL CHEEK, and LESLIE TURNER by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

not "almost certain to materialize." Id.

### I. PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE

Plaintiff cites the court's order on February 19, 2008 as authority for the proposition that Defendant's motion to dismiss should be denied. However, the court's findings on February 19, 2008 were pursuant to 28 U.S.C. 1915. 28 U.S.C. 1915 has a different function than Rule 12b6. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the two standards are similar they do not encompass one another. Id. at 328. A complaint can be dismissed based on Rule 12(b)(6) even though it was not dismissed subject to 28 U.S.C. 1915. Id. Therefore it is inconsequential that Plaintiff's complaint survived a review under 28 U.S.C. 1915.

Plaintiff also cites his verified notice as evidence that the complaint must survive the motion to dismiss. However, a motion to dismiss examines the complaint and any attachments to the complaint it does not take into account documents which are filed separate from the complaint.

In Plaintiff's response to the motion to dismiss, Plaintiff states that since January 16, 2008 Plaintiff has not showered, participated in recreational yard or come out of his cell. (See Plaintiff's response to Motion to Dismiss ¶ 9). This assertion by the Plaintiff lends credence to Defendant's argument that Plaintiff has failed to state a claim for deliberation indifference. Plaintiff in his complaint stated that he feared for his safety due to threats from his cell mate. The complaint does not state that he feared for his safety due to threats from multiple inmates in the institution. Likewise, Plaintiff attached to his complaint the report from the Administrative Review Board from 12-20-2007 which states that Daniel Smith, his cell mate, is being kept separate from the Plaintiff. Plaintiff's assertion that he remains in his cell for fear of being killed is indicative of the removal of his cell mate from Plaintiff's cell. As such, the Plaintiff has failed to state a claim for deliberate indifference because both his complaint and his response show that the Defendants took steps to alleviate any risk to the Plaintiff.

**II.    PLAINTIFF FAILS TO PLEAD SUFFICIENT PERSONAL INVOLVEMENT SUFFICIENT TO HOLD DEFENDANT WALKER LIABLE FOR THE CAUSES OF ACTION OUTLINED IN HIS COMPLAINT**

Plaintiff in his response has failed to elaborate on his failure to allege personal involvement on the part of Defendant Walker. Plaintiff simply reiterates his contention that the court look at its previous holdings in regards to 28 U.S.C. 1915. As stated previously, the courts order on February 19, 2008 is not controlling. Plaintiff has failed to demonstrate that Walker

knew about the claimed constitutional violation, and "facilitate[d] it, approve[d] it, condone[d] it, or turne[d] a blind eye. Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995). Therefore his complaint must be dismissed against Defendant Walker.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff's Complaint fails as a matter of law. Defendants respectfully request that the complaint be dismissed, in its entirety, with prejudice.

LISA MADIGAN                                              Respectfully submitted,
Attorney General of Illinois

By:     s/Camile Lindsay
        CAMILE J. LINDSAY
        Assistant Attorney General
        Office of the Attorney General
        100 W. Randolph Str., 13th Floor
        Chicago, Illinois  60601
        (312) 814-4329