IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW LAMON B16056 | ) | |
| | ) | |
| Plaintiff, | ) | No.08 C 910 |
| | ) | |
| v. | ) | Honorable Marvin E. Aspen |
| | ) | Judge Presiding |
| ROGER E. WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants, ROGER WALKER, TERRY MCCANN, JERRY BALDWIN, MICHAEL CHEEK, and LESLIE TURNER by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

**INTRODUCTION**

This action is brought by Andrew Lamon (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff claims his Eighth Amendment rights were violated by the Defendants, Roger Walker, the Director of the Illinois Department of Corrections, Terry McCann, the warden of Stateville Correctional Center, Jerry Baldwin, a counselor at Stateville Correctional Center, Michael Cheek, a member of the Administrative Review Board and Leslie Turner, a member of internal affairs at Stateville Correctional Center.

Plaintiff alleges that his requests for protective custody have been repeatedly denied by the Defendants. He alleges that he received threats including physical violence and an unwanted homosexual advance from his former cell mate. (See Administrative Review Board Hearing

12/20/07). Plaintiff alleges that Defendant Turner placed him in temporary protective custody to await protective custody approval. (See Verified Notice 1-16-2008). On October 13, 2007, he received a protective custody request form from Defendant Baldwin. (See Verified Notice 1-16-2008). Plaintiff alleges that he was later informed by Defendant Baldwin that his request was denied. (See Verified Notice 1-13-2008). On November 13, 2007 a request for reconsideration of protective custody was sent to Defendant Terry McCann, the warden of Stateville.(See Verified Notice 1-13-2008). On December 20, 2007, the Plaintiff received a notice that his request was denied. (See Verified Notice 1-13-2008). On January 16, 2008, Plaintiff sent a letter to Defendant Walker, the director of the Illinois Department of Corrections, Defendant McCann, Defendant Baldwin and Defendant Turner. Plaintiff then filed suit on February 19, 2008 a month and three days after he sent the letter.

Plaintiff had two hearings in front of the administrative review board regarding his protective custody requests. The Plaintiff was interviewed on both occasions and twice the board found that his claims were unverifiable. However, the 12-20-07 hearing report does indicate that the Plaintiff was to be kept separate from his cell mate.

Plaintiff's Complaint as to all Defendants must be dismissed in its entirety. First, Plaintiff fails to state a claim for failure to protect. Second, Plaintiff fails to allege personal involvement in regards to Defendant Walker, the Director of the Illinois Department of Corrections. Third, the Meeks Decree does not apply to Plaintiff's allegations.

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests whether the

claimant has properly stated a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, 1964 (2007). The Court must dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations. Glatt v. Chicago Park District, 847 F.Supp. 101, 103 (N.D.Ill. 1994). Although courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, the court need not strain to find favorable inferences which are not apparent on the face of the complaint. Id. at 103. Nor is this court required to accept legal conclusions either alleged or inferred from pleaded facts. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In order to survive a motion to dismiss, the complaint must state either direct or inferential allegations concerning all elements necessary for recovery under the chosen legal theory. Glatt, 847 F. Supp. at 103. Finally, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), citing Papasan v. Allain, 478 U.S. 265, 286,(1986). It is with these standards in mind that this motion must be decided.

**ARGUMENT**

    **I.**    **THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FAILURE TO PROTECT**

In order to state a claim for failure to protect, the Plaintiff must allege (1) that he is incarcerated under conditions posing a substantial risk of serious harm, " and (2) defendants acted with deliberate indifference to that risk." Brown v. Budz, 398 F.3d 904, 909 (7th Cir. 2005).

    **A.**    **PLAINTIFF FAILS TO ALLEGE EXPOSURE TO A SERIOUS HARM IN LIGHT OF HIS**

**SEPARATION FROM AN ALLEGED THREAT**

In order to adequately allege incarceration under conditions posing a substantial risk of harm, Plaintiff is required to allege that he experienced or was exposed to a serious harm and that there was a substantial risk beforehand that the serious harm might occur. Id. at 910. The deprivation must be "objectively, sufficiently serious, amounting to a denial of the minimal civilized measure of life's necessities." Id. In this case the Plaintiff alleges that he has received death threats by gang members, specifically Gangster Disciples. (See Plaintiff's Amended Complaint ¶3). In order for there to be a "substantial risk," the risk must be so great that it is almost certain to materialize if nothing is done. Id. at 911. In this case, steps were taken according to the Administrative Review Board report, and those steps ensured that any risk of harm was not "almost certain to materialize." Id. The 12-20-07 hearing report indicates that the Plaintiff has one person, Daniel Smith, as a declared enemy at Stateville Correctional Center and states that he has been and will continue to be kept separate from Smith. (See IDOC hearing of Administrative Review Board 12-20-07).

**B.    PLAINTIFF FAILS TO ALLEGE DELIBERATE INDIFFERENCE**

The Plaintiff must allege that the Defendants knew of and disregarded an excessive risk to his health or safety. Id. at 913. The Plaintiff fails to allege that the Defendants knew of a threat to his safety and disregarded the threat. In fact Plaintiff's allegations regarding Defendant Turner are that he placed him in temporary protective custody, and that he wrote a letter to Defendant Turner afterwhich Defendant Turner visited him in F-house and discussed with him his concerns. (See Verified Notice 1/16/2008, letter to Terry McCann February 24, 2008). Defendant Turner's placement of the Plaintiff in protective custody and subsequent visit with the Plaintiff indicates that

he did not disregard the health and or safety of the Plaintiff. Likewise Plaintiff's only allegation against Defendant Baldwin is that Defendant Baldwin gave him a request form for protective custody. (See Verified Notice 1/16/2008). Defendant Baldwin's actions are not indicative of Plaintiff's allegations of a disregard for his health and or safety. Plaintiff states that he sent a letter to warden Terry McCann on November 13, 2007 requesting a reconsideration of the denial of protective custody. (See Verified Notice 1/16/2008). He attaches a November 3, 2006 Administrative Review Board report that states he was reviewed by the Administrative Review Board and that in November of 2006 he had no declared enemies at Stateville. He also attaches to his complaint the report from the Administrative Review Board dated 12-20-2007. Defendant Cheeks, is listed as being present for the Administrative Review Board hearing. The report indicates that the Plaintiff was given an opportunity to have a hearing where he was interviewed by the Administrative Review Board. It notes that the Board reviewed information provided by internal affairs and that based on the information the Plaintiff could not be retained in protective custody. Furthermore, the report states that the one person Plaintiff listed as an enemy, Daniel Smith, was being kept separate from the Plaintiff. This same report states that the Plaintiff will continue to be kept separate from his previous cell mate. This report shows that the Defendant's have not been deliberately indifferent to the Plaintiff's perceived threat.

　　　Due to the attachment of the verified notice, and the November 3, 2006 and 12/20/07 Administrative Review Board reports, Plaintiff has pled himself out of court. The Seventh Circuit has held that the court is "not required to ignore facts alleged in the complaint that undermine the plaintiff's claim." Wroblewski v. City of Washburn, 965 F.2d 452, 459 (7th Cir. 1992). By Plaintiff's own admission, Defendant's Cheeks, Turner, and Baldwin took steps to alleviate any risk

to the Plaintiff. Plaintiff does not sufficiently allege deliberate indifference.

### II. PLAINTIFF FAILS TO PLEAD SUFFICIENT PERSONAL INVOLVEMENT TO HOLD DEFENDANT WALKER LIABLE FOR THE CAUSES OF ACTION OUTLINED IN HIS COMPLAINT

An individual cannot be held liable under 42 U.S.C sec. 1983 unless he or she is personally responsible for an alleged constitutional deprivation. Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). The complaint must sufficiently allege the Defendant's personal involvement in order to state a constitutional claim. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1983). An official must act with deliberate or reckless disregard of an inmate's constitutional rights. Id. Or the constitutional deprivation must occur at the Defendants knowledge and consent. Id. In this case the Plaintiff has failed to allege sufficient personal involvement in regards to Defendant Walker, the Director of the Illinois Department of Corrections. The Plaintiff alleges that he sent a letter highlighting his requests for protective custody to all of the Defendants including Defendant Walker on January 16, 2008. However, he does not allege that Defendant Walker acted with deliberate or reckless disregard of his rights. The Plaintiff filed suit just five weeks after he sent his letter. In fact, Plaintiff's complaint along with the attachments to the complaint are full of references to the attention given to his claims. He received two hearings before the Administrative Review Board, he was given the form to request protective custody, and he was placed temporarily in protective custody. There is no evidence of a deliberate and reckless disregard of the Plaintiff's rights on the part of any of the Defendants, especially not Defendant Walker.

Plaintiff must demonstrate personal involvement by showing that Defendant Walker knew

about the claimed constitutional violation, *and* "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye…" Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995). Plaintiff has not demonstrated that Defendant Walker facilitated, approved, condoned or turned a blind eye to the alleged constitutional violation. "[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic Corp et al. v. Twombly, 127 S.Ct 1955, 1964 (2007). There must be more than just a statement of facts. Id. at 1965. Therefore, Plaintiff's claims against Defendant Walker must be dismissed with prejudice.

### III.   THE MEEKS DECREE IS INAPPLICABLE

Plaintiff's argument regarding protection under the Meeks Decree is invalid. The Meeks Decree is inapplicable in that it pertains to the rights of inmates who are already in protective custody. Williams v. Lane, 646 F.Supp. 1379, 1384 (N.D. Ill. 1986). The very basis for Plaintiff's complaint is that he has been denied placement in protective custody and as a result he is not in protective custody. Therefore, Plaintiff is not entitled to protection under the Meeks Decree, as such all allegations regarding the Meeks Decree must be dismissed.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff's Complaint fails as a matter of law. Defendants respectfully request that the complaint be dismissed, in its entirety, with prejudice.

LISA MADIGAN                                                        Respectfully submitted,
Attorney General of Illinois

By: s/Camile Lindsay
CAMILE J. LINDSAY
Assistant Attorney General
Office of the Attorney General
100 W. Randolph Str., 13th Floor
Chicago, Illinois  60601
(312) 814-4329