In the United States District Court
For the Northern District of Illinois
Eastern Division

FILED
Aug 4, 2008
AUG 4 2008 MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Andrew Lamon,
    Plaintiff,

·vs·

Roger E. Walker, et al,
    Defendants.

No. 08 C 910

Hon. Marvin E. Aspen
Judge Presiding.

### RESPONSE TO MOTION TO DISMISS

Now comes the plaintiff, Andrew Lamon, Pro-se, and respectfully submit his response to the defendants Rule 12(b)(6) motion to dismiss. In support thereof, plaintiff states;

1). Defendants, in it's Rule 12(b)(6) motion, bring forth three (3) arguments and on that basis, urge This Honorable Court to dismiss plaintiff's claim.

2). It is plaintiffs position that, he has stated and properly so, a failure to protect claim, that he has pled sufficient personal involvement by defendant, Walker, and that the Meeks Decree does apply to plaintiff, while being placed into the Protective Custody, (P.C.) kick-out area.

3). Plaintiff urge this Honorable Court to deny defendents Rule 12(b)(6) motion and direct defendants to answer plaintiffs Eighth Amendment failure to protect allegations.

[1]

Plaintiff now address defendants claims in turn.

# I
## Plaintiff has stated a failure to Protect claim

In order to state a claim for failure to protect, the plaintiff must allege (1) That he is incarcerated under conditions posing a substantial risk of harm," and (2) defendants acted with deliberate indifference to that risk". (see. Brown v. Budz, 398 F.3d 904, 909 (7th cir. 2005).

Here, plaintiff has continually alleged that, he is incarcerated under conditions posing a substantial risk of harm.
Plaintiff points to his amended complaint, where he states in relevant part;
"Plaintiff alleges that he has been denied protective custody at the stateville, correctional center, despite defendants knowledge that he faces, imminent danger, from enemy gang members, in general population".
Additionally, plaintiff points to, his letter of complaint, where he allege in relevant part;
"I fear for my safety and that, in general population, (F-house), I am in imminent danger, of violence at the hands of other prisoners, and again ask to be protected".
That said, notwithstanding plaintiffs allegations, supra, being known by defendants and ignored, as a direct result of the latter, plaintiff, without recourse, has been forced to endure conditions posing a substantial risk of harm, i.e., death threats in (F-house), ironically, in which is laughable to defendant Baldwin. (see. Affidavits of, Lamar Ewing, Lee Lampley and grievance of, April 12th, 2008).

[2]

Second, the inmate must also show subjective culpability, establishing that the prison officials acted either deliberately or with "deliberate indifference" to the inmates health or safety.

This latter element requires that the official "knows of and disregards an excessive risk to inmate health or safety." Id. at ---- 114 S.Ct. at 1979. "[T]he official must both be aware of facts from which the inference could be draw that a substantial risk of serious harm exists, and he must also draw that inference."

Thus, in order to establish the liability of a prison official, a plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing. (Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 788 (7th Cir. 1995).

Finally, in failure to protect cases, as here, "[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." (McGill v. Duckworth, 944 F.2d 344, 349 (7th Cir. 1991) (see also, plaintiffs letter of complaint to defendants).

Consequently, defendants argument #1 must fail. Moreover, "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." (Veazey v. Communications and Cable of Chi., Inc. 194 F.3d at 854 (7th Cir. 1999).

## II

Plaintiff has pled sufficient personal involvement to hold defendant WALKER liable for failure to protect.

[3]

The eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates" and to protect them from harm at the hands of others. (Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)); see Henderson v. Sheahan, 196 F.3d 839, 844 (7th Cir. 1999)(noting that the Eighth Amendment require states to "ensure that inmates receive adequate food, clothing, shelter, protection and medical care." (citation omitted). Liability must be predicated on a finding of "deliberate indifference" to inmate health or safety." (Farmer, 511 U.S. at 834, 114 S.Ct. 1970).

Plaintiff points to, (McGill, supra, letter of complaint sent to defendant WALKER and both Administrative Review Board reports).

In regards to the letter, I direct This Honorable Courts attention to the "Concurred" signature of, Roger E. WALKER, and thank defense Attorney Lindsey, for pointing out to me that, WALKER, "approve[d], condone[d] and turn[ed] a blind eye..." Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995).

Consequently, defendants argument #2 must fail.

Wherefore, plaintiff for the foregoing reasons, respectfully request that defendants Rule 12 (b)(6) motion to dismiss be denied.

Respectfully Submitted
by G. _____
Route 53, P.O. box 112
Joliet, Il 60434.

[4]

ATTN: ILLINOIS DEPARTMENT OF
CORRECTIONS, PRISON OFFICIALS,
Terry L.McCann, Mike Cheek,
Jerry Baldwin, Tammy Garcia,
and L.Turner.

1/16/2008

RE:   LETTER OF COMPLAINT, TO THE ABOVE-LISTED PRISON OFFICIALS
      OF THE EXCESSIVE RISK OF SERIOUS PHYSICAL HARM AND IMM-
      INENT DANGER, THE DENIAL OF PROTECTIVE CUSTODY, PLACES THIS
      INMATE IN.

This letter of complaint, is in regards, **specifically**, to the allegations as set forth in my request for protective custody(p.c) on October 13th, 2007.
I have complained to each of you, whether through letters and/or, in person and I've been pellucid that, I fear for my safety and that, in general population (F-HOUSE), I am in imminent danger of violence at the hands of other prisoners, and again, ask to be pro-tected by you, i.e., **prison officials**.

**Finally**, I have complained to you all concerning my safety, to no avail.
In a nut-shell, although, I have been denied,(p.c.), by the Warden, which I grieved and the Administrative Review Board, on December 20th, 2007. I ask respectfully, where all of you know of the risk to my safety, or a high probability thereof, to please, **do something** to protect me from harm at the hands of other prisoners, as I have exhausted **all** institutional/Administrative remedies and remain in **imminent danger.**

                                         Very Truely Yours,

                                         [signature]
                                         Andrew Lamon, R-16055
                                         Stateville, corr, center
                                         Route 53, P.O. box 112
                                         Joliet, Illinois 60434.

xc:
Terry L.McCann, - Warden
Jerry Baldwin, - X-house Counselor
Mike Cheek, - Administrative Review Board
L.Turner, - Internal Affairs
Tammy Garcia, - Administrative Review Board

## AFFIDAVIT

STATE OF ILLINOIS )
COUNTY OF WILL ) SS

I, Lamar Ewing, hereby declare that:

1. That I am aquainted with Mr. Andrew Lamon from Pontiac Correctional Center where I first met him in 2006.
2. That on February 14, 2008, I was moved to the F. housing unit, cell # 414, at the Stateville Correctional Center.
3. That upon arriving to cell # 414, I noted that Mr. Lamon was housed in cell # 413.
4. That Four Gallery inmates are allowed one shower per week, and yard recreation twice per week. However, I have observed Mr. Lamon refuse these activities repeatedly since my being housed next door to him.
5. I have observed that several inmates living in the same area, repeatedly and on an daily basis calls Mr. Lamon issuing threats, taunting, and using profanity. Specifically, on several occasions I have heard inmates state that, we gone throw your ass off 4 gallery, if we catch you out that cell. Since my being housed on 4 gallery, I have had opportunity to identity several of these inmates and based upon their uses of gang signs, I believe they are gang affiliated
6. Several times I have told Mr. Lamon about these matters and his need to inform staff of these threats. However, Mr. Lamon has advised me that he has done so, yet officials ignore his request for assistance. Therefore, it is my belief that Mr. Lamon fears for his safety and avoid contact with other inmates.

[1]

Pursuant to 18 USC 1621, I, Lamar Ewing declare that I have read the afore stated information and know the information to be true and correct.

DATE 2-28-08

BY: *Lamar Ewing*
AFFIANT
Lamar Ewing

[2]

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF WILL    )

## AFFIDAVIT

I, LEE LAMPLEY, declare That;

1). I am an inmate incarcerated currently at the Stateville Correctional Center, in the X-House unit.

2). That, on June 26th, 2008, I was in the X-House Counselors, (Jerry Baldwins), office in regards to my being approved for protective custody.

3). That, the conversation shifted from my business, to inmate, Andrew LAMON. I informed Jerry Baldwin that, everytime that Mr. LAMON, goes to the P.C. yard, where F-house, general population inmates can see him, the Gangster Disciples "Murder Squad" yells to him that they are going to kill him as soon as he gets to general population.

4). That, when I relayed this information Jerry Baldwin, the X-house Counselor, laughed, upon me expressing my disgust at Jerry Baldwins disregard for Mr. Lamons safety and life, Jerry Baldwin, feigned sincerety and rushed me out of his office.

Pursuant to 18 U.S.C. 1621, I, Lee Lampley, declare that, I have read the foregoing stated information and know said information to be true and correct.

Lee Lampley R-16390
LEE LAMPLEY, R-16390
Route 53, P.O. box 112
Joliet, Il 60434.
AFFIANT.

Dated this 30th day of June, 2008.

# COMMITTED PERSON'S GRIEVANCE

| | | |
|---|---|---|
| Date: | Committed Person: (Please Print) ANDREW LAMON | ID#: R-16056 |
| Present Facility: STATEVILLE CORR. CTR. | Facility where grievance issue occurred: STATEVILLE CORR. CENTER | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): EMERGENCY

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** COMMITTED PERSON, ANDREW LAMON, R-16056, currently housed in General Population, F-House, Cell #413, requests Protective custody placement where, by gang members. He has been threatened with being hurled off the Four (4) Gallery rail to his death, if and when he comes out of his cell, #413. (See attached Affidavit of, Lamar Gwinn). Committed Person, Andrew Lamon, R-16056, is in imminent danger of serious physical harm and or, death.

**Relief Requested:** THAT, Committed Person, Andrew Lamon, R-16056, be protected from harm at the hands of other inmates and gang members.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  R-16056   4/12/08
Committed Person's Signature   ID#   Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 4/14/08   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: You are in PC now

E. Bitkiewicz _____ _____ 4/29/08
Print Counselor's Name   Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**   ARB# 1-16-08

Date Received: 4/15/08   Is this determined to be of an emergency nature?
  [ ] Yes; expedite emergency grievance
  [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

W. McCauey (gh) _____ 4/15/08
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person   Page 1   DOC 0046 (Eff. 10/2001) (Replaces DC 5657)
Printed on Recycled Paper

**COMMITTED PERSON'S GRIEVANCE** (Continued)

I've been forced to live in complete fear for my life since being placed in general population, R-House, cell #413.

I'm afraid to go to the shower, the recreation yard and I've refused dental passes sent to me on 4/7/08 and 4/11/08 for fear of these threats being carried out.

Currently, I have a civil rights claim pending and maybe that's why I keep being ignored. However, if you would talk to me or even attempt to "substantiate" my fears, I have no problem resolving my claim.

Respectfully,

[signature]

R-House, cell #413

1/16/2008

ILLINOIS DEPARTMENT OF
CORRECTIONS, DIRECTOR:
ATTN: ROGER E. WALKER, Jr.
1301 Concordia Court
Springfield, Illinois 62794-9277.

RE:　LETTER OF COMPLAINT, TO THE PRISON DIRECTOR, Supra, OF THE
EXCESSIVE RISK OF SERIOUS PHYSICAL HARM AND IMMINENT
DANGER THE DENIAL OF PROTECTIVE CUSTODY, PLACES THIS INM-
ATE IN.

　　　This letter of complaint, is in regards, **specifically**, to
the allegations as set forth in my request for protective custody
(P.C.).
As you are aware, I was denied the protection from violence at the
hands of other prisoners, by the Administrative Review Board, Mike
Cheek, on December 20th, 2007. That said, I am through this instant
letter informing you that, I face imminent danger here in general
population, (F-house), where the prison officials Infra, [FN.-1] has
refused to act and have obviously disregarded my plea for help in
letters and my requesting protective custody.
I have exhausted **all** institutional/Administrative remedies avail-
able to me and ask that you intercede in this matter by placing
me in (p.c.).

FN.1 - ROGER E. WALKER, Jr, TERRY L. McCann, MIKE CHEEK, L. TURNER, JERRY
BALDWIN, AND TAMMY GARCIA.

Very Truely yours,

Andrew Lamon, R-16956
Statevill, corr, center
Route 53, P.O. box 112
Joliet, Illinois 60434

Inmate.

ILLINOIS DEPARTMENT OF CORRECTIONS
HEARING OF ADMINISTRATIVE REVIEW BOARD

*DATE OF HEARING*: November 3, 2006

*INSTITUTION*: Stateville Correctional Center, Stateville, Illinois

*GRIEVANT NAME*: Andrew Lamon, Register No. R16056

*BOARD MEMBERS PRESENT*: Melody J. Ford, Administrative Review Board Chairperson, Office of Inmate Issues, Illinois Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center administration.

Nature of Grievance: Offender Lamon is grieving denial of protective custody.

Findings: The Board notes the Offender is currently serving 35 years for Aggravated Criminal Sexual Assault; Possession of a Controlled Substance, with a custody date of October 3, 2002 and a projected release date of April 3, 2030. The Grievant has been housed at Stateville Correctional Center since August 9, 2006. No Clinical concerns noted.

Grievant was transferred to the current facility from Pontiac Correctional Center for the reasoning: Segregation release. An affiliation with a Security Threat Group is not noted. The Board notes Grievant has declared no enemies at Stateville Correctional Center and has not been declared as an enemy.

The Board reviewed the Protective Custody vote sheet dated August 23, 2006. Grievant requested Protective Custody placement, stating the following: Offender stated he keeps getting beaten up by gangs, specifically the Black P-Stones and the Gangster Disciples. The no-vote rationale indicates no sufficient verifiable information to warrant Protective Custody placement. The CAO concurred on September 1, 2006.

Offender's statement: Offender Lamon stated he did not get along with his cell mate at Pontiac and refused housing. He was placed in segregation and transferred to Stateville upon release. He stated he was beaten up in 2004 at Menard. He stated he is from Iowa and is not affiliated with any STG.

Offender Lamon's statements were not able to be substantiated by Clinical Services or Internal Affairs.

Recommendations: Based on a total review of all available information, it is the opinion of the Board that the Grievant has not provided sufficient verifiable information to warrant the Offender's retention in Protective Custody, and therefore, recommends the Offender be placed in general population.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board Chairperson
Office of Inmate Issues

CONCURRED: _____ November 6, 2006
Roger E. Walker Jr.
Director

cc: Warden Terry McCann, Stateville Correctional Center
Andrew Lamon, Register No. R16056

ILLINOIS DEPARTMENT OF CORRECTIONS
HEARING OF ADMINISTRATIVE REVIEW BOARD

*DATE OF HEARING:* 12/20/07

*INSTITUTION:* Stateville Correctional Center, Joliet, Illinois

*GRIEVANT NAME:* Andrew Lamon, Register No. R16056.

**BOARD MEMBERS PRESENT:** Michael T Cheek, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center Administration.

Nature of Grievance: Inmate Lamon is grieving denial of Protective Custody at Stateville Correctional Center.

The Board notes the inmate is currently serving 30 years, 5 years (CS), for aggravated criminal sexual assault/ other amount 1&2, with a custody date of 10/03/02. The Grievant has been housed at Stateville Correctional Center since 08/09/06.

The Grievant has Daniel Smith as declared enemies at Stateville Correctional Center.

Inmate Lamon is affiliated with the no one per OTS.

The Board reviewed the Protective Custody Vote sheet dated 10/31/07. Grievant requested Protective Custody placement stating the following: First I want to submit that my enemy Daniel Smith B44381 D house, cell 931. He is an active member of the gangster disciples and Stateville I.A. is aware of this fact. Smith's A.K.A. is D-Money. I have at the hand of this gang-member, been threatened with physical violence in cell #931 for the past few months, intimidated regularly, Smith became so comfortable with the aggressive behavior that he was exhibiting towards me that on the commissary of 10/05/07, he took my commissary slip and filled it out himself and threatened me with violence for objecting to his out right extortion. Smith while I was asleep touched my rear-end, when I woke up he jumped up on his bunk and pretended to be watching his T.V. Whether or not Smith is homosexual is unclear to me, however he alluded to the fact that his gang did allow homosexual activity among them, once a member became a certain age. Moreover, Smith on more than one occasion referred to me as a bitch boy on this point I must be pellucid I am not gay, in fact I have 6 children and 3 grandchildren. It must be stated as well that I have not and am not affiliated with any gang and review of my prison file will support this assertion. Also, I recognize that by me actually giving this inmate's name as well as exposing his actions that the G.D.'s will be after me, but I told C/O L. Turner in I.A. that I've been sent to prison as a punishment, not for punishment of another inmate. Smith swore that if I checked into protective custody that he was going to check in right behind me and fuck me up and that there is nowhere in Illinois that I can go and be safe. Having said all of this, I declare to you that I fear for my life and respectfully request that you allow me to remain in protective custody.

Inmate's statement: Inmate Lamon stated that his cellmate was a gangster disciple and that he has been having problems with him. State he is trying to extort him out of commissary items, and threatened him if he told. Stated that he felt inmate Smith touch him in his buttocks area while sleeping. Inmate Smith also chocked him, and made him add items to his commissary list for him. Inmate Lamon stated that he has a sex case and this may be a reason for the harassment.

This office reviewed information provided by Internal Affairs. It is noted that Lamon has Smith listed as a KSF.

Recommendations: Based on a review of all information it is the opinion of the Board that the Grievant **has not** provided sufficient information to warrant the Offender's retention in Protective Custody. Offender Lamon will be kept separate from Smith as records indicate.

FOR THE BOARD: _____
Michael T Cheek
Administrative Review Board Chairperson
Office of Inmate Issues

CONCURRED: _____ January 8, 2008
Roger E. Walker, Jr.
Director

cc: Warden McCann, Stateville Correctional Center
Andrew Lamon R16056

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF WILL    )

### DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above document(s), and that the information contained therein is true and correct to the best of my knowledge.

DATE: 7-29-08

                                                    G. L.
                                        ANDREW LAMON, Q-16056
                                        ROUTE 53, P.O. box 112
                                        Joliet, Illinois 60434.
                                            DEFENDANT, PRO-SE.

[8]

## Certificate of Service

The undersigned certifies that on, July 29th, 2008, a copy of the foregoing instrument was served upon the following:

Hon. Marvin E. Aspen
219 South Dearborn Street
Chicago, Il 60604.

Michael W. Dobbins
219 S. Dearborn Street
Chicago, Il 60604.

Camila J. Lindsay
100 W. Randolph St., 13th floor
Chicago, Il 60601.

by depositing the same at the Stateville Correctional Center, Route 53, P.O. Box 112, Joliet, Illinois 60434.

C.
Andrew Lamon, R-16056
Plaintiff, Pro-se.