IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW LAMON B16056 | ) | |
| | ) | |
| Plaintiff, | ) | No.08 C 910 |
| | ) | |
| v. | ) | Honorable Marvin E. Aspen |
| | ) | Judge Presiding |
| ROGER E. WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

NOW COME the Defendants, ROGER WALKER, TERRY MCCANN, JERRY BALDWIN, MICHAEL CHEEK, and LESLIE TURNER by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

**I.    PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE**

First and foremost Title 42, United States Code, Section 1997(e) provides that "[n]o Federal civil action may be brought by a prisoner. . .for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). See Burt v. Walker 07-CV-4284 (N.D.Ill., July 14, 2008 Order, J. Hibbler). Due to Plaintiff's failure to articulate an injury, his claims against Defendants Turner, Cheek, Baldwin, McCann, and Walker must be dismissed. See Burt v. Walker 07-CV-4284 (N.D.Ill., July 14, 2008 Order, J. Hibbler). Plaintiff continues to outline his fear of injury but at no time has he articulated an actual injury.

1

Furthermore, in Plaintiff's response he reiterates the requirement that he must show that the Defendants were deliberately indifferent to his concerns. Yet he fails to do so. Plaintiff's allegations regarding Defendant Turner are that he placed him in temporary protective custody, and that he wrote a letter to Defendant Turner afterwhich Defendant Turner visited him in F-house and discussed with him his concerns. (See Verified Notice 1/16/2008, letter to Terry McCann February 24, 2008). Defendant Turner's placement of the Plaintiff in protective custody and subsequent visit with the Plaintiff indicates that he did not disregard the health and or safety of the Plaintiff. Likewise Plaintiff's only allegation against Defendant Baldwin is that Defendant Baldwin gave him a request form for protective custody. (See Verified Notice 1/16/2008). Defendant Baldwin's actions are not indicative of a disregard for Plaintiff's health and or safety. Plaintiff states that he sent a letter to warden Terry McCann on November 13, 2007 requesting a reconsideration of the denial of protective custody. (See Verified Notice 1/16/2008). He attaches a November 3, 2006 Administrative Review Board report that states he was reviewed by the Administrative Review Board and that in November of 2006 he had no declared enemies at Stateville. He also attaches to his complaint the report from the Administrative Review Board dated 12-20-2007. Defendant Cheeks, is listed as being present for the Administrative Review Board hearing. The report indicates that the Plaintiff was given an opportunity to have a hearing where he was interviewed by the Administrative Review Board. It notes that the Board reviewed information provided by internal affairs and that based on the information the Plaintiff could not be retained in protective custody. Furthermore, the report states that the one person Plaintiff listed as an enemy, Daniel Smith, was being kept separate from the Plaintiff. This same report states that the Plaintiff will continue to be kept separate from his previous cell mate. This report

shows that the Defendant's have not been deliberately indifferent to the Plaintiff's perceived threat.  Additionally, ruling against a prisoner on an administrative complaint is not enough to hold Defendants Cheeks or Walker liable under Section 1983.  <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007).  Plaintiff has *no* constitutional right to have his grievances addressed.  <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001).

    II.    PLAINTIFF FAILS TO PLEAD SUFFICIENT PERSONAL INVOLVEMENT SUFFICIENT TO HOLD DEFENDANT WALKER LIABLE FOR THE CAUSES OF ACTION OUTLINED IN HIS COMPLAINT

As stated previously the Plaintiff simply fails to show how Defendant Walker "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye…" to an alleged constitutional violation.  <u>Gentry v. Duckworth</u>, 65 F.3d 555 (7th Cir. 1995).  There is nothing in Plaintiff's amended complaint which indicates that Defendant Walker was personally involved in a constitutional violation. Ruling against a prisoner on an administrative complaint is not enough to hold Defendant Walker liable under Section 1983.  <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007).  Plaintiff has *no* constitutional right to have his grievances addressed.  <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001).

**CONCLUSION**
WHEREFORE, for the foregoing reasons, Plaintiff's Complaint fails as a matter of law.  Defendants respectfully request that the complaint be dismissed, in its entirety, with prejudice.

LISA MADIGAN                                        Respectfully submitted,
Attorney General of Illinois

By:  s/Camile Lindsay
CAMILE J. LINDSAY
Assistant Attorney General
Office of the Attorney General
100 W. Randolph Str., 13th Floor
Chicago, Illinois  60601
(312) 814-4329