FILED

AuG 18 2008

AUG 1 8 2008 MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW LAMON,                    )
            PLAINTIFF,    )  NO. 08-C-910
V.                               )
ROGER E. WALKER, et al,    )  HON. MARVIN E. ASPEN
            DEFENDANT.  )  JUDGE PRESIDING.

## MOTION TO RECONSIDER PRELIMINARY INJUNCTION, TRO

Comes now the plaintiff, ANDREW LAMON, pro se
AND brings respectfully before this Honorable Court, his
MOTION TO reconsider the denial of A preliminary injunct-
ION AND OR, TRO.
In support thereof, plaintiff states:

In the cause sub Judice, this court has found that,
plaintiffs motion for A TRO is denied and concluded
the following:

(A). The plaintiff may renew his request for prelimi-
nary injunctive relief once counsel has entered an
appearance for defendants and can respond to any
contention that the plaintiff is in danger. (see.
Exhibit, A).

(B). Correctional officials have been unable to substant
iate plaintiffs fears about dangers from gang members
in the prisons general population. (see. Exhibit, B
at pgs. 2, 3).

2). (A) supra is not at issue, in so far as, plaintiff has been allowed to renew his motion for A TRO.

That said, plaintiff contends that he fears for his life, here in general population, (F-house), at the hands of enemy gang members and that, Correctional officials refuse to "substantiate" plaintiffs fears.

However, Warden, Terry L. McCann, eventhough the Court, has twice "requested" McCann, "investigate plaintiffs situation", has refused to do so. (see, Exhibits. C, D, E, F).

3). This Court, in its initial order found and properly so that, "The Court cannot, on the basis of the undeveloped record, overrule the decision to house the plaintiff in the general population, where the plaintiff has not demonstrated that emergency relief is warranted". (Hemmer v. Ashcroft, - F. 3d .., 2008 WL 125956, at 5 (7th cir, 2008).

4). However, and at issue here, is the deference owed to the administrative judgment of prison officials, the Supreme Court has held that a prison regulation infringing on an inmates Constitutional rights is valid if "it is reasonably related to legitimate penological intrests". (Turner v. safley, 482 U.S. at 89, 107 S.ct. 2254).

Fn.1. Plaintiff does not seek transfer from stateville in regards to this TRO.

[2]

5). Here, The Court, plaintiff and defendants recognize that, The Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from Harm at the hands of others." (Farmer V. Brennan, 511 U.S. 825, 832·33 (1994).

Therefore, defendants, without "substantiating" plaintiffs fears, allegations has infringed on his Constitutional rights as set forth in (5) supra. Moreover, there is <u>no</u> penological interest to condone the barbaric behavior as demonstrated by defendants.

Additionally, plaintiff has demonstrated, short of calling witnesses to testify that he faces in the general population, (F·House), imminent danger of death, by enemy gang members.

Wherefore, plaintiff respectfully pray that This Court minimize the hardship to plaintiff and to preserve plaintiffs life, pending a more Considered decision on the merits of plaintiffs 42 U.S.C. 1983 claim.

Respectfully Submitted
by
ANDREW LAMON, R-16056
Route 53, P.O. Box 112
Joliet, Illinois 60434.

[3]

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0910 | **DATE** | Febraury 19, 2008 |
| **CASE TITLE** | Andrew Lamon (#R-16056) vs. Roger E. Walker, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $3.80 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to: (1) send a copy of this order to the trust fund officer at the Stateville Correctional Center; (2) issue summonses for service on the defendants by the U.S. Marshal; (3) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order; and (4) mail a copy of the order to the Warden of the Stateville Correctional Center. The plaintiff's motion for a preliminary injunction and temporary restraining order [#4] is denied. However, the court requests that Warden McCann investigate the plaintiff's situation and take any reasonable measurers he should deem necessary to protect the plaintiff from harm at the hands of fellow inmates.

■ [For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that he has been denied placement in protective custody at the Stateville Correctional Center despite the defendants' knowledge that he faces imminent danger from enemy gang members in the prison's general population.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.80. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments (CONTINUED)

| | | mjm |
|---|---|---|

## STATEMENT

shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action. The Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore,* 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)). To state an actionable Eighth Amendment claim, the plaintiff must plead that the defendant has acted with deliberate indifference to a substantial risk of harm; the plaintiff has satisfied that pleading standard. While a more fully developed record may establish that the plaintiff is not being exposed to imminent danger, the defendants must respond to the plaintiff's allegations.

The clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff's motion for a preliminary injunction and temporary restraining order is denied at this time. The prerequisites to the granting of a preliminary injunction are well established. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007), *quoting FoodComm Int'l. v. Berry,* 328 F.3d 300, 303 (7th Cir. 2003). If the **(CONTINUED)**

## STATEMENT

moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622, *citing Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

Here, the plaintiff has not met his burden. The plaintiff seeks an order directing his placement in protective custody and his transfer out of the Stateville Correctional Center. However, attached to the complaint are copies of grievances explaining why the plaintiff's requests for placement in protective custody at Stateville have been denied at all levels of review at least twice. Correctional officials have been unable to substantiate the plaintiff's fears about dangers from gang members in the general population. The court must give substantial deference to the professional judgment of correctional officials in connection with matters of prison administration. *See, e.g., Hammer v. Ashcroft*, — F.3d —, 2008 WL 125956, at *5 (7th Cir. 2008). The court cannot, on the basis of the undeveloped record, overrule the decision to house the plaintiff in the general population at the Stateville Correctional Center. The plaintiff has not demonstrated that emergency relief is warranted.

Nevertheless, because the plaintiff claims to be in imminent danger, the court requests that the warden re-investigate the plaintiff's situation and re-evaluate his professed need for placement in protective custody. The warden need not file a response to this order; the court simply requests that Warden McCann look into the matter and take any reasonable steps he may deem necessary to protect the plaintiff from harm at the hands of fellow inmates.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0910 | **DATE** | April 3, 2008 |
| **CASE TITLE** | Andrew Lamon (#R-16056) vs. Roger E. Walker, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for reconsideration [#13] is denied. As discussed in the court's Minute Order of February 19, 2008, the court will not order the plaintiff's placement in protective custody or his transfer out of Stateville based solely on the plaintiff's say-so, particularly because the plaintiff's own exhibits reflect that correctional officials have rejected his claims at multiple levels of review. The plaintiff may renew his request for preliminary injunctive relief once counsel has entered an appearance for the defendants and can respond to any contention that the plaintiff is in danger. However, the Clerk is directed to mail a copy of the order to the Warden of the Stateville Correctional Center. The court once again requests that Warden McCann investigate the plaintiff's situation and take any reasonable measurers he should deem necessary to protect the plaintiff from harm at the hands of fellow inmates.

■ [Docketing to mail notices.]



mjm

EXHIBIT C

## AFFIDAVIT

STATE OF ILLINOIS )
COUNTY OF WILL  ) SS

I, Lamar Ewing, hereby declare that:

1. That I am aquainted with Mr. Andrew Lamon from Pontiac Correctional Center where I first met him in 2006.

2. That on February 14, 2008, I was moved to the F. housing Unit, cell # 414, at the Stateville Correctional Center.

3. That upon arriving to cell # 414, I noted that Mr. Lamon was housed in cell # 413.

4. That Four Gallery inmates are allowed one showed per week, and yard recreation twice per week. However, I have observed Mr. Lamon refuse these activities repeatedly since my being housed next door to him.

5. I have observed that several inmates living in the same area, repeatedly and on an daily basis calls Mr. Lamon issuing threats, taunting, and using profanity. Specifically, on several occasions I have heard inmates state that, we gone throw your ass off 4 gallery, if we catch you out that cell. Since my being housed on 4 gallery, I have had opportunity to identity several of these inmates and based upon their uses of gang signs, I believe they are gang affiliated

6. Several times I have told Mr. Lamon about these matters and his need to inform staff of these threats. However, Mr. Lamon has advised me that he has done so, yet officials ignore his request for assistance. Therefore, it is my belief that Mr. Lamon fears for his safety and avoid contact with other inmates.

[1]

Pursuant to 18 USC 1621, I, Lamar Ewing declare that I have read the afore stated information and know the information to be true and correct.

DATE  2 - 28 - 08

BY: _Lamar Ewing_
    AFFIANT
    Lamar Ewing

[2]

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF WILL      )

## AFFIDAVIT

I, Lamar Ewing, hereby declare that:

1) That on or about February 28, 2008, I authored a verified statement for Andrew Lamon.

2) That no prison official including but not limited to Jerry Baldwin, Terry L. McCann, Leslie Turner, Mike Cheeks, Roger E. Walker Jr., or any representive, employee, or agent has ever interviewed, consulted or discussed the contents of the previously authored verified statement, up to and including the date of this affidavit.

Pursuant to 18 U.S.C. 1621; 28 U.S.C., I declare that I have read the foregoing document, and that the information herein is true and correct to the best of my Knowledge.

Date: 8-7-08          s/s _Lamar Ewing_
                          Lamar Ewing

STATE OF ILLINOIS )
                  ) SS
COUNTY OF WILL    )


## AFFIDAVIT

I, LEE LAMPLEY, declare THAT:

1). ON OR ABOUT, July 29th, 2008
I did inFACT GIVE MR. ANDREW LAMON, R-16056
AN AFFIDAVIT, IN REGARDS TO MY CONVERSATION
WITH, X-House Counselor, Jerry BALDWIN.

2). NO PRISON OFFICIAL has
questioned me regarding the contents of
MY AFFIDAVIT TO date.

PURSUANT TO 18 USC 1621, 28 USC 1746 or 735
ILCS 5/1-109, I, LEE LAMPLEY, declARE THAT,
I HAVE READ THE FOREGOING INFORMATION BY
ME SIGNED AND KNOW THIS INFORMATION TO BE
TRUE AND CORRECT.

_Lee Lampley_ R-16390
LEE LAMPLEY, R-16390
Route 53, P.O. box 112
Joliet, Il 60434.

## DECLARATION UNDER PENALTY OF PERJURY

PURSUANT TO 28 USC 1746, 18 USC 1621 OR 735 ILCS 5/1-109, I declare UNDER PENALTY OF PERJURY THAT, I AM A NAMED PARTY IN THE ABOVE ACTION, THAT I HAVE READ THE ABOVE DOCUMENTS AND THAT THE INFORMATION CONTAINED THEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATE: 8/12/2008

ANDREW LAMON
ROUTE 53, P.O. box 112
Joliet, Il 60434
Plaintiff, pro-se

[4]

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT ON , 8 /12/ 2008 , A COPY OF THE FOREGOING INSTRUMENT WAS SERVED UPON THE FOLLOWING:

HON . MARVIN E. ASPEN          MR. MICHAEL W. DOBBINS
219 S. DEARBORN STREET         219 S. DEARBORN STREET
CHICAGO , ILLINOIS 60604.      CHICAGO , ILLINOIS 60604.


LISA MADIGAN - ATTORNEY GENERAL
C/O CAMILE LINDSAY
100 WEST RANDOLPH STREET , 13th FLOOR
CHICAGO , ILLINOIS 60601 .


BY DEPOSITING THE SAME AT THE STATEVILLE , CORR . CTR .
IN THE U.S. MAIL , ROUTE 53 , P.O. BOX 112 , JOLIET , ILLINOIS
60434 .


ANDREW LAMON , R-16056
Plaintiff, pro-se

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW LAMON,<br>      **Plaintiff,**<br><br>  -VS-<br><br>Mike Cheek,<br>Roger E.Walker,Jr.,<br>Terry L.McCann,<br>Jerry Baldwin, Tammy<br>Garcia, and L.Turner,<br>      **Defendants.** | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |

# 08C 0910

Case No.
Supplied by Clerk: _____

Honorable Judge Presiding

## JUDGE ASPEN

MAGISTRATE JUDGE MAS...

ORDER TO SHOW CAUSE AND TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Upon the supporting Affidavit of the plaintiff and accompanying Memorandum of law,it :

**Ordered That,**Defendants,Roger E.Walker,Jr,Terry L.McCann,Jerry Baldwin,Tammy Garcia,and L.Turner,show cause in Room: _____ of The United States District Court,219 South Dearborn street, Chicago,Il 60604 on the _____ day of _____,2008,at _____ O'clock,why a preliminary injunction or a temporary restraining Order should not issue pursuant to Rule 65(a) of the Federal Rule of Civil procedure,enjoining the said Defendants,their successors in office,Agents and employees and all other persons acting in concert and participation with them,to immediately place the plaintiff, Andrew Lamon, in protective custody.

It is further **Ordered that,**Defendants **shall** immediately protect the plaintiff,from physical harm at the hands of other prisoners at the Stateville Correctional center,Route 53,P.O.box 112,Joliet,Illinois 60434.

It is further **Ordered that,**this order to show cause and all other papers attached to this application,**shall** be served on Defendants, Roger E.Walker,Jr, Terry L.McCann,Jerry Baldwin,Tammy Garcia,and L. Turner,by _____,2008,and The United States Marshals Service is hereby directed to effectuate Service.

                              _____
                              United States District Judge

                              Date:

**RECEIVED**

**FEB 1 2 2008**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ANDREW LAMON,               )
              plaintiff,    )
                            )         Case No. 08C  0910
                            )         Supplied by Clerk:
    -VS-                     )
                            )
                            )         Honorable Judge Presiding:
Mike  Cheek,                )
Roger E.Walker,Jr.,         )
Terry L.McCann,             )         JUDGE ASPEN        .
Jerry Baldwin,Tammy         )
Garcia,and L.Turner,        )        MAGISTRATE JUDGE MASON
              Defendants.   )
```

## MOTION FOR PRELIMINARY INJUNCTION
## AND TEMPORARY RESTRAINING ORDER


NOW Comes the Plaintiff,pursuant to Rule 65(a) of the Federal Rule of Civil procedure,and respectfully moves This Honorable Court for issuance of a preliminary injunction and temporary restraining order during the pendency of this cause of action.
In support thereof,plaintiff states as follows:


1). This is a Civil rights action brought pursuant to 42 U.S.C. § 1983,by a state prisoner asserting an Eighth Amendment violation.of deliberate indifference,seeking nominal and punitive damages and the placement into protective custody,to protect the plaintiff from violence at the hands of other inmates.


2). Defendants,have **no** standing in the law to deny from the plaintiff,the right to be protected from violence at the hand of other prisoners,but will continue to do so unless This Honorable Court restrains them during the pendency of this action after which time,an injunction can be made permanent.


3). The claim before This Honorable Court,is against several popular,high ranking prison officials,with political influence,in which retaliation for plaintiff,exercising his constitutional Rights against these officials is extremely likely and anticipated due to plaintiff being in their custody,(**State custody**).

4). The plaintiff,fears not only the deprivations of his entitlements given to him by law, but as stated in paragraph #3, **Supra**, and further that, the denial of law library ,denying visitation,destroying mail,including legal mail,intentionally interfer-ring with this litigation,filing of false disciplinary reports, the placement into segregation or Administration detention for an investigative reason. To this end,plaintiff fears for his life.

**Wherefore**,the plaintiff respectfully requests this Honorable Court grant the following:

A. **Order**,the plaintiff,placed into protective custody for the duration of this litigation at which time this injunction can be made permanent.

B. **order**,the Defendants,cease and desist from **any** retali-tory measures against the plaintiff,where plaintiff has a Right of constitutional diminsions to exercise his rights given him by law.

C. **order**,the plaintiff,be moves from the Stateville ,corr, center,Joliet,Il 60434.

**Wherefore**,plaintiff pray.

Andrew Lamon,R-16053
**Plaintiff,pro-se.**

**RECEIVED**

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 1 2 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

ANDREW LAMON,
                    Plaintiff,

           -VS-
Mike Cheek,
Roger E.Walker,Jr.,
Terry L.McCann,
Jerry Baldwin,Tammy
Garcia,and L.Turner.
                    Defendants.

Case No.
Supplied by Clerk:

# 08C 0910

The Honorable Judge Presiding:

## JUDGE ASPEN

### MAGISTRATE JUDGE MASON

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.

Andrew Lamon, declares under penalty of perjury:

1). That,I am the plaintiff in this case.I make this dec-
laration in support of my motion for a temporary restraining ord-
er and a preliminary injunction to insure that I receive protect-
ion,by prison officials,from violence at the hands of other pris-
oners.

2). That,as set forth in my complaint,plaintiff alleges
that.**Defendants** violated his eighth Amendment rights,where with
deliberate indifference to plaintiffs safety,where **Defendants** we-
re fully aware of the substantial risk of imminent danger and ser-
ious physical harm to plaintiff,**Defendants** repeatedly denied the
plaintiff entry into,protective custody.

3). That,on october 6th,2007,I requested protective cust-
ody and was taken from the cell-house,(D-house),to the Internal
Affairs officer,L.Turner. Consequently,in regards to the allegat-
ions given to L.Turner,by me,I was placed in temporary protective
custody.

4). That,on october 12th,2007,X-house Counselor,Jerry Bald
win, presented to me an official request for protective custody
form to be filled out and returned to him at my earliest conveni-
ence,I complied and returned the form the same day,10/12/2007.

5). That,on November 13th,2007,Counselor,Jerry Baldwin,X-house ,approached my cell,XDW-03,and informed me that I had been denied protective custody,by the Warden,Terry L.McCann.

6). That,on November 13th,2007,I wrote Warden Terry L.Mc Cann,requesting that he reconsider the denial of protective cust-ody in my case,However,to date,Warden McCann,never responded to my request.

7). That on December 28th,2007,I saw the Administrative Re-view Board,Grievance Liason,Tammy Garcia,who reviewed my allegat-ions for protective custody and denied me.

8). That,Subsequently thereafter,on 1/16/2008,I sent a le-tter complaining to the prison officials **Infra**,asking them for help and informing said prison officials that I am in imminent danger of serious physical harm at the hands of other prisoners leaving no doubt that these officials **knew** of the danger that I;m in;
A.  **Roger E.Walker,Jr,.- prison director**
B.  **Terry L.McCann - Warden,Stateville correctional center**
C.  **Tammy Garcia - Administrative Review Board**
D.  **Jerry Baldwin - X-house Counselor**
E.  **L. Turner - Internal Affairs (I.A.)**

9). That,currently,I am living in fear for my life in,(X-house),general population,awaiting to be assaulted,eventhough,I have made known to prison officials that I am in imminent danger of physical violence at the hands of other prisoners.

10). That,together,the prison officials,**Supra**,as Defendants have a duty to protect prisoners from violence at the hands of other prisoners.


**Wherefore**,for the foregoing reasons,this Honorable Court should grant the plaintiff's motion in all respects.


Pursuant to 28 U.S.C. 1746,I declare under penalty of perjury that the foregoing is true and correct.


Date:  1/31/2008

Andrew Lamon,
Route 53,P.Obox 112
Joliet,Il 60434.

**Plaintiff,pro-se.**

**RECEIVED**

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 1 2 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

ANDREW LAMON,
                    Plaintiff,

        -vs-

Mike Cheek,
Roger E.Walker,Jr.,
Terry L.McCann,
Jerry Baldwin,Tammy
Garcia,and L.Turner.
                    Defendants.

# 08C 0910

Case No.
Supplied by Clerk:

The Honorable Judge Presiding:

**JUDGE ASPEN**

**MAGISTRATE JUDGE MASON**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION.

This is a Civil Rights action,brought under 42 U.S.C. §.1983,by a State prisoner,in imminent danger of physical violence at the hands of other prisoners,seeking protective custody. The plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he is protected from violence at the hands of other prisoners,by prison officials.

### STATEMENT OF FACTS

As set forth in plaintiffs claim,in the declaration submitted with this motion,plaintiff alleges that,defendants violated his eighth Amendment Rights,where with deliberate indifference to plaintiffs safety,where defendants were fully aware of the substantial risk of imminent danger and serious physical harm to the plaintiff,repeatedly denied the plaintiff entry into protective custody,(Hereinafter,P.C.).

The Defendants against whom relief is sought are respectively,the prison director,the Warden,the Administrative Review Board,the Counselor and the Internal Affairs officer,who is responsible as prison officials,for protecting the plaintiff.

### GROUNDS FOR RELIEF

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction,courts generally

consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public intrest. Each of these factors favors the grant of this motion.

### A). The plaintiff is threatened with irreparable harm.

The plaintiff alleges that, prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another, further, the plaintiff alleges that the defendants acted with deliberate indifference to plaintiffs safety in refusing, (p.c.), and that the defendants are aware of and disregards the excessive risk to plaintiffs safety. Such conduct by prison officials is a clear violation of the 8th Amendment. (**Farmer V. Brennen, 511 U.S. 825, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994) : Mc Gill V. Duckworth, 944 F.2d 344, 349 (7-th Cir. 1991)**. In failure to protect cases, "[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety". To that end, as a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. (**Elrod V. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976)**.

### B). The balance of hardships favor the plaintiff.

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. (**see, e.g., Mitchell V. Cuomo, 748 F.2d 804 808 (2d Cir. 1984)** (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); **Duran V. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986)** (holding that prisoner's in trest in safety and medical care outweighed state's intrest in saving money by cutting staff).

In this case, the failure to protect plaintiff and forcing him into general population, where plaintiff has made known to the Defendants **all**, through letters of complaint and varified notice that an assault on him is imminent, plaintiffs safety is at issue. Plaintiff is in a situation where he is waiting to be assaulted. The "suffering" the defendants will experience if the court grants the order will consist of taking plaintiff to Y-house protective custody, something that defendants do whenever an inmate request (p.c.) for members of the prison population on a daily basis. The Defendants hardships amounts to no more than business as usual.

### C). The plaintiff is likely to succeed on the merits.

The plaintiff,has a great likelihood of success on the merits.
That the defendants have done -- is noted with deliberate indiff-
erence to plaintiffs safety,knew and disregarded an excessive
risk to plaintiffs safety,in failing to take reasonable steps to
insure plaintiffs safety,including harm done by one inmate to an-
other",as was specifically singled out by the Supreme Court as an
example of unconstitutional "deliberate indifference",where the
prison officials were "subjectively aware of the risk".Farmer,511
U.S.,at ----,114 S.Ct.at 1974. See.Billman V.Indiana Dep't of Cor-
rections,56 F.3d 785,788 (7th Cir.1995) and Mc Gill V.Duckworth,
944 F.2d 344,349 (7th Cir.1991).


### D). The relief sought will serve the public intrest.

In this case,the grant of relief will serve the public intrest be
cause it is always in the public intrest for prison officials to
obey the law.(Duran V.Anaya,Supra) ("Respect for the law,particu-
larly by officials responsible for the administration of the sta-
te's correctional system,is in itself,a matter of the highest pub-
lic intrest".); see.also,Llewelyn V.Oakland County Prosecutors
Office,402 F.Supp.1379,1393 (E.D.Mich.1975) ("the Constitution is
the ultimate expression of the public intrest").


### E). The plaintiff should not be required to post security

Usually,a litigant who obtains interim injunctive relief is asked
to post security. Rule 65(c),Fed.R.Civ.P. However,the plaintiff,
is an indigent prisoner and is unable to post security.
That said,this Honorable Court,has discretion to excuse an impov-
erished litigant,such as plaintiff,from posting security. (See.
Orantes-Hernandez,V.Smith,541 F.Supp.351,385 n. 30 (C.D.Cal.1982)
Moreover,in view of the serious,imminent physical danger confron-
ting the plaintiff,this Honorable Court,should grant the relief
requested without requiring the posting of security.


### Conclusion

Wherefore,for the foregoing reasons,the Court should grant
the motion Subjudice,in its entirety.


Respectfully submitted

Date:    1 /31 /2002                    by

Andrew Mahon, R-15055
Route 53,P.O.box 112
Joliet,Illinois 60424

**RECEIVED**

FEB 1 2 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW LAYON,
          Plaintiff,

      -vs-

Mike Cheah,
Roger E. Walker, Jr.,
Terry L. McCann,
Jerry Baldwin, Damav
Garcia, and T. Turner.
          Defendants.

# 08C 0910

Case No. _____
Supplied By Clerk:

The Honorable Judge Presiding:

## JUDGE ASPEN

MAGISTRATE JUDGE MASON

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION.

      This is a Civil Rights action, brought under 42 U.S.C. § 1983, by a State prisoner, in imminent danger of physical violence at the hands of other prisoners, seeking protective custody. The plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he is protected from violence at the hands of other prisoners, by prison officials.

### STATEMENT OF FACTS

      As set forth in plaintiffs claim, in the declaration submitted with this motion, plaintiff alleges that, defendants violated his eighth Amendment Rights, where with deliberate indifference to plaintiffs safety, where defendant were fully aware of the substantial risk of imminent danger and serious physical harm to the plaintiff, repeatedly denied the plaintiff entry into protective custody. (Hereinafter, P.C.).

The Defendants against whom relief is sought are respectively, the prison director, the Warden, the Administrative Review Board, the Counselor and the Internal Affairs officer, who is responsible as prison officials, for protecting the plaintiff.

### GROUNDS FOR RELIEF

      In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally

consider several factors: whether the party will suffer irrepar-
able injury,the "balance of hardships"between the parties,the lik-
elihood of success on the merits,and the public intrest.
Each of these factors favors the grant of this motion.


### A). **The plaintiff is threatened with irreparable harm.**

The plaintiff alleges that,prison officials have a duty to take
reasonable steps to insure the safety of inmates,including harm
done by one inmate to another,further,the plaintiff alleges that
the defendants acted with deliberate indifference to plaintiffs
safety in refusing,(p.c.),and that the defendants are aware of
and disregards the excessive risk to plaintiffs safety.
Such conduct by prison officials is a clear violation of the 8th
Amendment. (**Farmer V.Brennen,511 U.S. 825,114 S.Ct.1970,1976-77,
128 L.Ed.2d 811 (1994) : Mc Gill V.Duckworth,944 F.2d 344,349 (7-
th Cir.1991).**In failure to protect cases,"[a] prisoner normally
proves actual knowledge of impending harm by showing that he com-
plained to prison officials about a specific threat to his safety."
To that end,as a matter of law,the continuing deprivation of con-
stitutional rights constitutes irreparable harm. (**Elrod V.Burns,
427 U.S. 347,373,96 S.Ct.2673 (1976).**


### B). **The balance of hardships favor the plaintiff.**

In deciding whether to grant TRO's and preliminary injunctions,
courts ask whether the suffering of the moving party if the mot-
ion is denied will outweigh the suffering of the non-moving party
if the motion is granted. (see,e.g.,**Mitchell V.Cuomo,748 F.2d 804
808 (2d Cir.1984)** (holding that dangers posed by prison crowding
outweighed state's financial and administrative concerns);**Duran V.-
Anaya,642 F.Supp.510,527 (D.N.M.1986)** (holding that prisoner's in-
trest in safety and medical care outweighed state's intrest in sa-
ving money by cutting staff).

In this case,the failure to protect plaintiff and forcing him in-
to general population,where plaintiff has made known to the Defen-
dants **all**,through letters of complaint and verified notice that
an assault on him is imminent,plaintiffs safety is at issue.
Plaintiff is in a situation where he is waiting to be assaulted.
The "suffering"the defendants will experience if the court grants
the order will consist of taking plaintiff to x-house protective
custody,something that defendants do whenever an inmate request
(p.c.) for members of the prison population on a daily basis. The
defendants hardships amounts to no more than business as usual.


### C). **The plaintiff is likely to succeed on the merits.**

The plaintiff,has a great likelihood of success on the merits.
That the defendants have done -- is acted with deliberate indiff-
erence to plaintiffs safety,knew and disregarded an excessive
risk to plaintiffs safety,in failing to take reasonable steps to
insure plaintiffs safety,including harm done by one inmate to an-
other",as was specifically singled out by the Supreme Court as an
example of unconstitutional "deliberate indifference",where the
prison officials were "subjectively aware of the risk".**Farmer,511
U.S. at ----,114 S.Ct.at 1974. See.Billman V.Indiana Dep't of Cor-
rections,**56 F.3d 785,788 (7th Cir.1995) and Mc Gill V.Duckworth,
944 F.2d 344,349 (7th Cir.1991).


### 3). The relief sought will serve the public intrest.

In this case,the grant of relief will serve the public intrest be
cause it is always in the public intrest for prison officials to
obey the law.(Duran V.Anaya,Supra) ("Respect for the law,particu-
larly by officials responsible for the administration of the sta-
te's correctional system,is in itself,a matter of the highest pub-
lic intrest".); see.also,Llewelyn V.Oakland County Prosecutors
Office,402 F.Supp.1379,1393 (E.D.Mich.1975) ("the Constitution is
the ultimate expression of the public intrest").


### 4). The plaintiff should not be required to post security

Usually,a litigant who obtains interim injunctive relief is asked
to post security. Rule 65(c),Fed.R.Civ.P. However,the plaintiff,
is an indigent prisoner and is unable to post security.
That said,this Honorable Court,has discretion to excuse an impov-
erished litigant,such as plaintiff,from posting security. (See.
Orantes-Hernandez,V.Smith,541 F.Supp.351,385 n. 30 (C.D.Cal.1982)
Moreover,in view of the serious,imminent physical danger confron-
ting the plaintiff,this Honorable Court,should grant the relief
requested without requiring the posting of security.


### Conclusion

Wherefore,for the foregoing reasons,the Court should grant
the motion Subjudice,in its entirety.


                                        Respectfully submitted



                                   by [signature]
                                        Andrew Lamon,B-16954
                                        Route 53,P.O.box 112
                                        Joliet,Illinois 60434

Date:    1 /31/2008